DANIEL THOMAS, plaintiff in error, vs. JAMES ELLIS, defendant in error.

A jury is bound to consider, even illegal testimony, if it goes before them, without objection.

Certiorari, from Fannin county. Decided by Judge RICE, November Term, 1857.

This case came up in the Court below upon a *certiorari.* Thomas sued Ellis in a Justice's Court on two notes. To that action Ellis pleaded the general issue; and further, that

an attachment had been sued out against one Bryson, and garnishment been issued against him, Ellis, upon which judgment had been rendered against him in Tennessee. The verdict was for the plaintiff, and defendant, Ellis, filed his petition for a writ of *certiorari*. In the petition the above facts were stated, and that at the time the notes were traded to Thomas by Bryson, the garnishment was known to him.

This petition was answered, and when it came on to be heard, a motion was made to dismiss the *certiorari*, on the ground that there was no error set out in the petition.

This motion was overruled by the Court, and the *certiorari* sustained, and a new trial ordered; and to these decisions the defendant excepted.

MARTIN, for plaintiff in error.

CHASTAIN; and UNDERWOOD, for defendant in error.

*By the Court.*—BENNING J. delivering the opinion.

It seems that Bryson held notes on Ellis, to the amount of $120. That Bryson was indebted to McCoy, that McCoy sued Bryson on this indebtedness in Tennessee, and garnisheed Ellis, that judgment was rendered against Ellis, as garnishee, for $40 85, on which Ellis paid $20 ; that while the garnishment was pending, Bryson traded the notes he held on Ellis, or at least two of them, amounting to $50, to Thomas, who had notice of the garnishment; that, afterwards, Thomas sued Ellis on these two notes, and Ellis pleaded the foregoing facts, and proved them by the depositions of Bryson and those of Corinth, the magistrate who gave the judgment in Tennessee; that, notwithstanding the plea and proof, the jury found for Thomas $50; that Ellis petitioned for a *certiorari* and obtained it, and that it was answered by the Justice of the Peace.

Thomas vs. Ellis.

This was the case in the Superior Court.

This being the case, the counsel for Thomas, moved to dismiss the *certiorari*, placing the motion on the ground, that "no error was alleged in the petition." This motion the Court overruled, and that was excepted to.

And then the Court " upon reading the answer" sustained the *certiorari*, and that was also excepted to.

As to the first exception it is sufficient to say, that the answer was in, and that if it showed error, the *certiorari* ought to have been sustained, even if the petition showed none.

Did this answer show error ? The answer showed the facts above stated.

It was argued for Thomas that even the answer did not show any error; and in support of the argument, several positions were taken, as follows:

1st. That there was no proof of any judgment in the garnishment in Tennessee, it being assumed, that the depositions of the Tennessee magistrate, proving the judgment, were not evidence of a proper sort, for proving a judgment, and, that as such, they must be treated as amounting to no proof at all of this judgment. But they were *in*, and without objection, and, after verdict, it is too late to insist, that the jury were not bound to regard even illegal testimony admitted to them without objection.

We do not decide that this *was* illegal. We decide nothing as to that.

We think, however, legal or illegal, as it went to the jury without objection, they were bound to consider it.

2dly. That a bare judgment in garnishment without a satisfaction of it, is not a bar to a suit by the debtor, against the garnishee.

True; but here Ellis *had* paid a part of this judgment, $20.

3dly. That the indebtedness of the garnishee, amounted to as much as $120; that the judgment against him was for only $40 85. Consequently, that if he had paid all of it, he would be still left owing some $80, of the indebtedness ; and

that this was more than Thomas claimed of him, he claiming only $50, the amount of two notes.

But there is some room for an inference, that Ellis had paid to Bryson all of the indebtedness, except enough to cover the judgment in garnishment. When Thomas bought the notes on Ellis, he bought them *at his own risk*, knowing of the pending garnishment. So swears Bryson. Thomas was present when the judgment on the garnishment was rendered, and, in reply to a question of the Justice rendering the judgment, he said, that Mr. McCoy, (the garnishing creditor,) would be able to prove, that Bryson was the holder of the notes on Ellis, at the time Ellis was garnisheed, for Bryson had told him, that he held the notes at that time. So swears the Justice.

There is some ground here, for an inference, that Ellis had paid Bryson all of the indebtedness but $50, a sum about sufficient to cover the garnishment, judgment, principal, interest and costs.

The effect of the judgment sustaining the *certiorari*, was merely, to bring about a *new trial*. And we think, that with such a ground as this, for such an inference as this, a judgment merely ordering a new trial, ought not to be disturbed, and we think this, the more, as it does not appear, that *on the trial*, Thomas attempted to meet Ellis's plea, by showing this matter. Is it not an after thought, suggested, not by the case as it is, but by the case as it happens to stand stated by the Justice of the Peace, whose memory or whose sense of materiality may have left out some of the things which really existed.

Judgment affirmed.