JOHN DOE *ex dem.* MARCILLA MILLER *et al.*, plaintiffs in error, *vs.* RICHARD ROE, *casual ejector*, and MONROE DEFOOR, tenant in possession, defendants in error.

1. Where evidence was admitted in the Court below without objection, exception thereto will not be heard in this Court.
2 Where a lot of land was set apart for the twelve months' support of the family of deceased, was sold under the order of the Ordinary, and the proceeds thereof applied to such support, the heirs-at-law cannot recover the same on account of want of authority in the Ordinary to direct such rule.

Bill of exceptions. Practice in the Supreme Court. Evidence. Distribution. Year's support. Court of Ordinary. Before Judge KNIGHT. Gilmer Superior Court. May Term, 1873.

For the facts of this case, see the decision.

R. H. FOOTE, for plaintiffs in error.

THOMAS F. GREER; C. D. PHILLIPS, for defendants.

Miller *et al. vs.* Defoor.

WARNER, Chief Justice.

This was an action of ejectment brought by the plaintiff against the defendant, to recover the possession of lot of land number two hundred and ninety in the twenty-fifth district of Gilmer county.  On the trial of the case, the jury found a verdict for the defendant.  A motion was made for a new trial on the several grounds therein set forth, which was over-ruled by the Court, and the plaintiff excepted.  The lessors of the plaintiff were the heirs-at-law of Alfred Miller, deceased.

It appears from the evidence in the record that the lot of land was set apart by appraisers appointed by the Ordinary as a twelve months' support for the widow and children of Miller, the decedent, and, by an order of the Ordinary, was sold for that purpose at public sale, and purchased by the defendant, the widow making to him a deed therefor in pursuance of said order of the Ordinary.

1. The evidence offered at the trial of the appraisement and setting apart the land for the twelve months' support of the widow and children, and the order for the sale of the land for that purpose, was parol evidence, which was admitted without objection, therefore we are bound to presume that all the proceedings were regular, and the plaintiff cannot raise objections here to the regularity of the proceedings, which were not made in the Court below.

2. The plaintiff, however, insists that, inasmuch as the title to the land vested in his lessors, as the heirs-at-law of Alfred Miller, that title could not be divested by the proceedings heretofore mentioned for the purpose of obtaining the twelve months' support for the widow and children.  The appraisers appointed by the Ordinary may assign to the widow and children, for their twelve months' support, a sufficiency, either in money or *property:* Code, section 2571.  It is true there is no express power conferred on the Ordinary to order a sale of the property for that purpose, but Courts of Ordinary have general jurisdiction and authority in relation to the sale and

disposition of the real property belonging to, and the distribution of, deceased person's estates: Code, section 331. The proven value of this lot of land is $300 00. If the proceeds of the lot of land have been applied to the twelve months' support of the widow and children, (and there is no evidence in the record that it was not so applied,) it would be inequitable and unjust for the children, as the heirs-at-law of the decedent, after enjoying the benefit thereof, to recover the land from the sale of which their twelve months' support was realized, and of which they have had the benefit. On the statement of facts disclosed by the record in this case, there was no error in overruling the motion for a new trial.

Let the judgment of the Court below be affirmed.