## PROCTOR v. POINTER.

1. In cases of libel and slander, an exception is sometimes made to the general rule that witnesses must state facts, and not their inferences from them; and as the slander and damage consist in the apprehension of the hearers, they are allowed to give their understanding of the words published or spoken.

2. When the sanity of one of the parties to a case is in issue, it is proper to allow non-expert witnesses to testify that they know such party and have seen nothing in his appearance or conduct to indicate insanity.

3. In an action of slander, it is wholly immaterial, as an independent and isolated fact, who first communicated to the plaintiff the slanderous words spoken of him; and proof that this information was first furnished him by the witness on whom he mainly relies to establish the slander is not competent for the purpose of discrediting such witness, by showing his bias or prejudice against the defendant, when the witness has unreservedly admitted on the stand that his feelings towards the defendant are not good.

4. In charging upon the defense that at the time of the alleged slander the defendant was mentally unsound and irresponsible for his conduct, it is erroneous to instruct the jury, in effect, that notwithstanding this defense be satisfactorily made out, the plaintiff would be entitled to recover if the jury should find that a plea of justification filed by the defendant was not sustained by the evidence, and he was of sound mind when he interposed this plea.

5. A charge that should the jury find for the plaintiff, they could in no event find more than the amount sued for, although they might think the plaintiff "was entitled to a great deal more," is open to the criticism that it carries with it the intimation that the idea had suggested itself to the presiding judge that the proof of the wrong done to the plaintiff was so strong that the jury might, unless cautioned, be thereby misled into awarding an amount which they felt was better proportioned to the injury suffered than the sum claimed as damages.

Submitted July 18,—Decided December 14, 1906.

Slander.    Before Judge Hodnett.    City court of Carrollton. September 23, 1905.

*E. S. Griffith* and *Leon Hood,* for plaintiff in error.

*Beall & Adamson,* contra.

EVANS, J.    This was an action of slander.    The plaintiff obtained a verdict, which the court refused to set aside on motion; and this is the complaint before this court.

1. The court allowed a witness to testify that she understood the defendant to mean by the words spoken in her presence that the plaintiff had been guilty of fornication, and charged the jury on this subject as follows:  "Witnesses may give their understand-

ing of what was meant by words spoken, when the words themselves are ambiguous or do not clearly indicate what the person using them meant by the words." Testimony of this character is admissible (*Hawks* v. *Patton,* 18 *Ga.* 52; *Howe Machine Co.* v. *Souder,* 58 *Ga.* 64), and it was proper for the court to so instruct the jury.

2. One of the pleas relied on by the defendant was that at the time of the publication of the alleged slander, she was mentally unsound and irresponsible. While the plaintiff was testifying, she was asked, "What conduct have you seen [the defendant] engage in that indicated that she was crazy?" to which question the plaintiff replied, "Nothing has been in her conduct since I knew her to indicate that she was insane. She acted like any one else; when she was in a bad humor, she was bad; I don't know hardly how she would act. She would use just any sort of language that came to hand." The defendant objected to this testimony on the ground that the witness was a non-expert and no facts had been established upon which she could base any opinion as to the sanity or insanity of the defendant. It appeared from the evidence that the witness was acquainted with the defendant, and had known her for some time. This being so, it was permissible to allow the witness to testify that she had observed nothing in the appearance or conduct of the defendant to indicate insanity. *Herndon* v. *State,* 111 *Ga.* 178.

3. One of the witnesses relied on by the plaintiff to establish the publication of the alleged slander was Mrs. Mollie Steen. The plaintiff, on cross-examination, was asked from whom she first received the information as to the slanderous words spoken of her, and the plaintiff replied that Mrs. Steen first sent her word. On motion of plaintiff's counsel, the court excluded the answer as irrelevant. Certainly it was wholly immaterial, as an independent and isolated fact, who first communicated to the plaintiff information as to the publication of the slander. But counsel for the plaintiff in error insists that the testimony was pertinent, because "the person who sent the word was the main witness for the plaintiff, and the same went to her credit, she having testified as a witness in the case that her feelings towards the defendant were not good," and the defendant "had the right to know and show the court and jury the interest the witness, Mrs. Sam Steen, had and was taking in the case." Since the witness had already admitted that "her

feelings towards the defendant were not good," it was not permissible for the defendant to press the inquiry further and bring out in detail circumstances indicating that the witness was partial to the plaintiff or prejudiced against the defendant. Had the witness professed indifference as between the parties to the case, it would have been competent to show that she was, in point of fact, a partisan and had taken an interest in the prosecution of the case. But the admission of the main fact of ill feeling rendered proof of circumstances tending to establish that fact unnecessary, and therefore inadmissible.

4. The defendant denied that she used the language alleged in the petition. She further pleaded that she was very feeble in body, and her mind was so impaired by age, disease, and overwork that she was irresponsible for her conduct, and had she made the statements attributed to her, she could not be held accountable for the same because of her mental condition at the time of making them. The defendant further pleaded that from the information she had in regard to the plaintiff, she was a woman of bad character and had been guilty of open, lascivious, and indecent conduct, and that this suit was brought for no other purpose than to worry and harrass the defendant and extort money from her without just cause. The court charged the jury: "If you believe from the evidence in this case that this defendant uttered these words and that she was not responsible, was in such mental condition at the time she uttered them as to render her incapable of slandering any one, then she would not be guilty—I mean, would not be liable in the first instance. But if after that time, if at the time this plea was drawn, at the time she filed this plea, if she was mentally capable and responsible for her conduct at that time, and the words set out here in this plea . . have not been sustained and are not true, then putting those words in her plea would be a ratification of whatever she may have said before that, and she would be liable." This charge was erroneous. If the defendant was mentally irresponsible at the time of the utterance of the words imputed to her, she could not be held liable for their use, and no averments made in her plea, filed after the bringing of the action, could properly be considered a ratification of something she had done while insane; the charge of improper conduct made in the plea would be a publication for the first time of the slander, if any, and the cause

of action therefor would then for the first time arise. If a defendant undertakes to justify the use of slanderous words, but fails to show any justification, his unsuccessful attempt to justify may be considered by the jury in aggravation of damages; but there can, of course, be no aggravation of a past wrong which has never, in legal contemplation, been committed.

5. The defendant complains that the court charged: "If you find for the plaintiff in this case, in no event could you find more than the amount sued for, although you might in your opinion think that the plaintiff was entitled to a great deal more." The criticism made upon this charge is that it amounted to an intimation by the court that some amount should be given the plaintiff. We can not commend such an instruction. Its vice is that the court assumes that the evidence for the plaintiff is of so satisfactory and convincing a character that, if credit is given to it by the jury, they may think the plaintiff is entitled to recover "a great deal more" than she sues for. The charge carries with it the intimation that the idea has suggested itself to the court that the proof of the wrong done to the plaintiff is so strong that the jury may, unless cautioned, be thereby misled into awarding damages which are commensurate to the injury, regardless of the amount claimed.

In other exceptions to the charge, counsel for the plaintiff in error point out certain verbal inaccuracies which they insist were calculated to mislead the jury. We are not impressed with these minor criticisms, and will not undertake to deal with them further than to say that the attention of the trial judge having been called to them, he will doubtless guard against similar inaccuracy of expression when instructing the jury upon the next hearing of the case.                *Judgment reversed. All the Justices concur.*