MOSLEY *v.* FEARS *et al.*

LUMPKIN, J.   1.  Where a question of testamentary capacity was involved, it was not error to allow a witness to testify as follows: "I knew [the testator]; I was present the night he made his will; I formed an opinion as to the condition of his mind; I based that opinion on what he. did and what he said; in my opinion he was of sound mind.  I considered him of sound mind from what he said and the way he acted,"—the objection being that the witness was not shown to be an expert and that

he did not sufficiently state the facts on which he based his opinion by testifying to what the testator said and how he acted. *Frizzell* v. *Reed*, 77 *Ga.* 725; *Herndon* v. *State*, 111 *Ga.* 178 (36 S. E. 634); *Proctor* v. *Pointer*, 127 *Ga.* 134 (56 S. E. 111).

2. Where a will was propounded for probate in solemn form, and a caveat was interposed under which it was sought to show that the testator did not have testamentary capacity, and that the will was procured by undue influence on the part of his second wife, resulting in cutting off, without any bequest, his children by a former marriage, it was competent to show that the testator recited in his will that he had settled with all his children by his former marriage and held their receipts, except that of a daughter, as to whom he made a certain provision, and to introduce the receipts given to the testator by such children.

(a) A ground of objection to the admission in evidence of one of the receipts, not made or passed upon in the trial court, can not be raised here for the first time.

3. The evidence was sufficient to support the verdict, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*

August 13, 1910.

Probate of will. Before Judge Reagan. Henry superior court. January 2, 1909.

*Lowndes Calhoun*, for plaintiff in error. *E. M. Smith*, contra.