MERRITT *v.* WALLACE *et al.*

No. 8217. SEPTEMBER 17, 1931.

*A. N. Durden* and *T.. H. Milner,* for plaintiff.
*Allen & Peacock,* for defendants.

ATKINSON, J. Application was made to probate a paper in solemn form as the last will of Classie McKenzie. Grounds of caveat were (a) mental incapacity of the testatrix to make a will, and (b) undue influence practiced upon her to make the will. The court of ordinary admitted the will to probate. On appeal to the superior court a trial resulted in a verdict sustaining the caveat. The exception is to the judgment overruling the motion for new trial, filed by the propounder.

The sole special ground of the motion for new trial is because the judge refused, on motion of the propounder, to rule out

testimony of Willie James, as follows: "But she did not have sense enough to talk to me." Also, "From my observation of Classie at that time I am of the opinion that she did not have sufficient sense to make a will." The ground urged for ruling out the testimony was that "said evidence was a mere opinion or conclusion of the witness, who had not qualified as an expert, nor being one of the attesting witnesses, without stating the facts and circumstances on which said opinion was based; and because the evidence was totally insufficient in law to enable the witness to give his opinion as to the sanity or insanity" of the testatrix. The testimony objected to was a part of the following testimony of the witness: "I am the half-brother of Annie Marshall, the chief beneficiary in the will, and I was in the room sitting by Aunt Classie's bed for sometime and had tried to talk with her, but she did not have sense enough to talk with me. Annie Marshall, my sister, after they had gotten ready to make the will, came to me and asked me out of the room, and I went out of the room. From my observation of Classie at that time I am of the opinion that she did not have sufficient sense to make a will. I base my conclusion on my observation of her actions during the time I had been there and the time I was asked out of the room." The undisputed evidence of other witnesses was that the testatrix had a stroke of paralysis on April 7; that the will was executed April 11; and that the testatrix died on April 22. A physician testified that the illness of testatrix was "caused by a hemorrhage of the brain, affecting one side of her brain and paralyzing one side of her body all the way down." In *Mosley* v. *Fears,* 135 *Ga.* 71 (68 S. E. 804), it was held: "Where a question of testamentary capacity was involved, it was not error to allow a witness to testify as follows: 'I knew [the testator]; I was present the night he made his will; I formed an opinion as to the condition of his mind; I based that opinion on what he did and what he said; in my opinion he was of sound mind. I considered him of sound mind from what he said and the way he acted,'—the objection being that the witness was not shown to be an expert, and that he did not sufficiently state the facts on which he based his opinion by testifying to what the testator said and how he acted. *Frizzell* v. *Reed,* 77 *Ga.* 725; *Herndon* v. *State,* 111 *Ga.* 178 (36 S. E. 634) ; *Proctor* v. *Pointer,* 127 *Ga.* 134 (56 S. E. 111)." See also *Dyar* v. *Dyar,* 161 *Ga.* 615

(131 S. E. 535). The judge did not err in overruling the motion to exclude the testimony.

 The evidence was sufficient to support the verdict, and there was no error in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*