O'NEAL, mayor, *et al. v.* HOOD COACH LINES.

No. 10002. June 18, 1934.

*J. T. Thomasson,* for plaintiffs in error.
*Duke Davis* and *E. Smythe Gambrell,* contra.

RUSSELL, C. J. Hood Coach Lines, a motor common carrier, procured an interlocutory injunction enjoining the City of La-Grange from enforcing against petitioner certain ordinances regulating the operation of buses in the city. In the petition it was prayed that the ordinances in question be declared void. To the order of the court granting an interlocutory injunction the City of LaGrange excepted and brought the case to this court. While the case was pending here the defendant in error filed a motion to dismiss the writ of error, upon the ground that the questions therein were moot, in that the Hood Coach Lines had sold its business and operations into and through the City of LaGrange. Attached to the motion were copies of a motion made by the defendant in error in the lower court to dismiss its case against the city, and of the order of the judge of the superior court granting the same. This motion and the order of the judge are as follows: "Now comes Hood Coach Lines Inc., plaintiff in the above styled case, and without prejudice dismisses and withdraws its petition and complaint in the said case, and respectfully requests that·the said dismissal be entered of record." "The above and foregoing dimissal is hereby approved, and the temporary restraining order and the interlocutory injunction heretofore granted by this court are hereby vacated without prejudice to the plaintiff. The plaintiff will pay all accrued costs in this case." This order was dated March 10, 1934, while the writ of error sued out by the City of LaGrange was in this court.

A rule nisi was served on the plaintiff in error, and in its response the City of LaGrange attacked the bona fides of the sale by Hood Coach Lines, and denied that the issues made by the bill of exceptions were moot; alleging that "the question as to whether the ordinance of the City of LaGrange is a valid and binding one or not should be decided, and the question as to whether the City of LaGrange, a municipal corporation, can enact ordinances under

its police powers with reference to the control of its streets, or whether such control is left with the Georgia Public Service Commission under the acts of 1931 of the Georgia Legislature." The response also set out that two other coach lines, in addition to the successor of the defendant in error, were operating buses into and through the City of LaGrange and using the same bus station. The response "admits that defendant in error attempted to dismiss its original petition filed in Troup superior court, . . but denies that said dismissal is effective, in that the judge of the superior court had no jurisdiction in the matter, as the Supreme Court had acquired exclusive jurisdiction after the bill of exceptions had been signed and certified to this court." No evidence, except the mere statement of the plaintiff in error as to the bona fides of the sale by the Hood Coach Lines, was adduced before this court.

Without taking into consideration the question that the superior court has lost jurisdiction of the case, and merely upon the showing made here, we are of the opinion that the question involved in this case is moot, and that the writ of error should be dismissed. It is in effect an effort on the part of the City of LaGrange to have decided by this case a question, when there is no such justiciable question under the facts and circumstances of the case now pending or likely to arise between the plaintiff in error and the defendant in error in this case, the Hood Coach Lines. This case is controlled by the principle stated in *Jones* v. *Darby,* 177 *Ga.* 625 (170 S. E. 790), as follows: "A motion was made to dismiss the writ of error, on the ground that, since the decision complained of, the question involved in the case has become moot because of certain alleged occurrences rendering a decision unnecessary. The plaintiffs in error, in answer to a rule nisi issued by this court to show cause why the motion to dismiss should not be sustained, having admitted the truth of the allegations of fact relied on as a ground for dismissal, and it appearing therefrom that the question for decision is moot, the writ of error is dismissed."

*Writ of error dismissed. All the Justices concur.*