WALDEN *v.* WHITNEY COMPANY *et al.*

CANDLER, Justice. S. M. Whitney Company, a corporation, filed an equitable action in the Superior Court of Jefferson County against C. H. Dixon and M. C. Barwick of that county, and Bessie Kate Walden and W. G. Walden of Glascock County, praying that the defendants be enjoined from further prosecuting certain conflicting actions between themselves respecting title for and liens on six bales of cotton held by it as a warehouseman. All of the defendants filed separate answers, none of which prayed for any affirmative relief from the plaintiff. To an interlocutory order granting what purports to be a permanent injunction and for interpleader, Mrs. Bessie Kate Walden excepted and assigned error on the ruling of the court, and named S. M. Whitney Company and M. C. Barwick defendants in error. After the bill of exceptions had been signed and certified by the presiding judge, and after this court had acquired jurisdiction of the case, the plaintiff (one of the defendants in error here) voluntarily withdrew and

dismissed its case in the trial court, and filed a motion in this court to dismiss the writ of error because all questions presented by the case for determination by this court had become moot. A certified copy of the order of dismissal in the lower court was not attached to the motion here. The plaintiff in error responded to the motion and objected to the dismissal of the writ of error, because there was no sufficient proof here that the suit in the lower court had in fact been dismissed. After a properly certified copy of the order of dismissal had been filed in this court, the response was amended and by the amendment it is now insisted that, if this court should dismiss the writ of error because the case has become moot, then this court should assess, for the use of the officers of the lower court and of this court, all the accrued costs of appeal. *Held*:

1. "The plaintiff in any action, in any court, may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of the defendant." Code, § 3-510.

2. The issues presented to this court for decision have become moot, because the case is no longer pending in the lower court. *Mott* v. *Hill*, 7 *Ga.* 79; *Atlanta and West Point Railroad Co.* v. *Golightly*, 148 *Ga.* 582 (97 S. E. 516); *Stark* v. *Hamilton*, 149 *Ga.* 44 (99 S. E. 40, 5 A. L. R. 1041); *Marshall* v. *Johnson*, 149 *Ga.* 608 (2) (101 S. E. 577); *Johnson* v. *Quigg*, 164 *Ga.* 391 (138 S. E. 774); *O'Neal* v. *Hood Coach Lines*, 179 *Ga.* 72 (175 S. E. 15); *City of Jackson* v. *Hardy*, 180 *Ga.* 694 (180 S. E. 610); *Griffin* v. *Securities Investment Co.*, 184 *Ga.* 692 (192 S. E. 909).

3. The matter of taxing costs accruing in the superior court is within the jurisdiction of that court, and will not be decided by this court except on review. *Atlanta & West Point Railroad Co.* v. *Golightly*, supra.

4. This court will not decide a case solely to determine the matter of costs advanced in this court. *Atlanta & West Point Railroad Co.* v. *Golightly*, supra; *Deaton* v. *Day*, 148 *Ga.* 698 (2) (98 S. E. 267); *City of Jackson* v. *Hardy*, supra; *Griffin* v. *Securities Investment Co.*, supra.

5. Therefore the motion must prevail, and the writ of error is

*Dismissed. All the Justices concur.*

No. 15286.   November 14, 1945.

*Casey Thigpen, Heath & Heath,* for plaintiff in error.

*Gordon Lanier, W. Wright Abbot,* and *Albert G. Ingram,* contra.