32470. GOSTIN *v*. SCOTT.

DECIDED DECEMBER 3, 1949. REHEARING DENIED DECEMBER 15, 1949.

*Hall & Bloch, Denmark Groover Jr.,* for plaintiff.
*Jones, Jones & Sparks,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) To support her action of trover sufficiently to withstand a motion for a nonsuit, the plaintiff must negative all implications arising

from the testimony that title passed from her in any of the methods provided by law. We consider these methods, as suggested by counsel in their briefs. First, it appears that there was no sale of the machinery, as alleged by paragraph 3 of the defendant's answer stating: "On the contrary, defendant says that said property was sold and delivered by plaintiff to defendant and was fully paid for." A contract of sale must include an identification of the thing sold, an agreement as to the price to be paid, and the consent of the parties. Code, § 96-101. It is obvious that the machinery was not included in the sale of the farm and the purchase-price paid of $23,000, since both the contract of sale and the deed refer to the land only. The plaintiff's testimony was that no mention of machinery was made until some months after the completion of the sale, which negatives the contention of counsel for the defendant that "the property was delivered *in connection with* the sale of a farm," and also any contention that the delivery might have been a consideration or inducement for entering into a contract of sale of the farm. Nor could it be considered a contemporaneous independent parol agreement. The purchase-price applied to the land only, and there would be no consideration for the transfer of the personalty. The transaction therefore was not a sale.

■ Although there was a delivery by the plaintiff and acceptance by the defendant, the transaction falls short of the elements of gift, in that there was no present intention to give. *Culpepper v. Culpepper,* 18 *Ga. App.* 182 (89 S. E. 161). The plaintiff "yielded" to the representations of the defendant that the machinery "went with the farm" and allowed him to take possession of that which, according to his representations, was already his. There was no intention on her part to pass title to any property from herself to another. The transaction therefore was not a gift.

■ Nor did the mere delivery of the machinery by the plaintiff either amount to a waiver of her rights, or create an estoppel such as to preclude her from later asserting title to the property. A waiver must, among other things, be a voluntary course of action followed after full knowledge of all the facts. The plaintiff says in effect that she believed the representation of the defendant that custom demanded the delivery of farm equipment

as an incident to the sale of farm land, that this representation was not true, and that immediately upon discovering this fact she asserted her title to the equipment. She did not, therefore, waive her right to the personalty after a knowledge of all the facts. Similarly, estoppel can only result from an act which operates to the injury of the other party, an act by which another is overreached and which causes him to change his position for the worse. See *Kennedy* v. *Manry*, 6 *Ga. App.* 816 (66 S. E. 29). No benefit to the plaintiff and no harm to the defendant having resulted from the transaction, the elements of estoppel do not exist.

■ If on any theory the evidence, together with all reasonable inferences that may be drawn therefrom, considered in its light most favorable to the plaintiff, shows that the plaintiff failed to prove her action as laid, it was not error for the court to have granted the nonsuit. In this connection, it occurred to the court that the evidence might show as a matter of law that the transaction constituted a compromise of a doubtful claim, the settlement of a dispute between the parties being an adequate consideration for the delivery of the property. See *Boswell* v. *Gillen*, 131 *Ga.* 310 (4) (62 S. E. 187). In *City Electric Ry. Co.* v. *Floyd County*, 115 *Ga.* 655 (42 S. E. 45), it was held: "Moreover, in order to render valid the compromise of a claim, it is not essential that the matter should be really in doubt. It is sufficient if the parties consider it so far doubtful as to make it the subject of a compromise." In *Belt* v. *Lazenby*, 126 *Ga.* 767, 772 (56 S. E. 81), it was stated: "It is evident that the claims or contentions of Mrs. Belt [the plaintiff] were originally, if meritorious, of considerable value. Whether there was ever really any merit in them, and, if so, whether at the time of the compromise agreement they had become barred by the statute of limitations, are immaterial questions, if at the time of the compromise *she honestly believed in them and so made them in good faith.*" (Italics ours.) In *Riley & Co.* v. *London Guaranty &c. Co.*, 27 *Ga. App.* 688 (109 S. E. 676), it was held: "In determining the validity of an agreement in accord and satisfaction of a disputed claim, it is *not the merit, but the bona fides* of the debtor's contention which is the controlling factor; and this as a general proposition *is a question of fact for the jury.*

*Ryan* v. *Progressive Pub. Co.,* 16 *Ga. App.* 83 (84 S. E. 834); *Dickerson* v. *Dickerson,* 19 *Ga. App.* 269 (91 S. E. 346)." (Italics ours.) The controlling question under this theory, then, is the bona fides of the parties. The plaintiff's evidence showed without dispute that the defendant represented to her that the farm machinery, as a matter of custom, goes with the land in a sale of a farm, and that upon receipt of this information she was astonished, but yielded. Farm machinery does not, in the absence of contract, go with the land in a sale of a farm. This was a misrepresentation which would have authorized the jury to have found that his claim for the machinery was not instituted in good faith.

Where the evidence together with all reasonable inferences that may be drawn therefrom, construed in its light most favorable to the plaintiff, shows that the plaintiff supported the cause of action as laid, it is error to grant a nonsuit. *Clark* v. *Bandy,* 196 *Ga.* 546 (27 S. E. 2d, 17); *Vickers* v. *Atlanta & West Point R. Co.,* 64 *Ga.* 306; *East & West R. Co. of Ala.* v. *Sims,* 80 *Ga.* 807 (2) (6 S. E. 595). Construing the evidence thus in its light most strongly against the grant of a nonsuit, it does not appear, as a matter of law, that the plaintiff failed to prove her case as laid. On the contrary, the good faith or lack of good faith under which the claim to the machinery was made by the defendant was an issue which should have been submitted to the jury. It follows that the trial court erred in granting a nonsuit.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*