MEEKS *v.* MEEKS.

No. 18094.   ARGUED JANUARY 13, 1953—DECIDED FEBRUARY 24, 1953.

*J. D. Godfrey* and *Casey Thigpen*, for plaintiff in error.
*Irwin L. Evans* and *D. E. McMaster*, contra.

WYATT, Justice. ■ The plaintiff in error in the instant case contends that he has a valid divorce from the defendant in error, which was granted in Texas, and that this decree is entitled to full faith and credit in Georgia under the Constitution of the United States; and that, because of said decree, he is not and was not obligated to pay the defendant in error temporary alimony since the date of the decree. The defendant in error contended in the trial court and contends in this court that the copy of the divorce decree appearing in the record in this case is not a proper showing on the rule nisi to avoid attachment for contempt of court for failing and refusing to pay temporary alimony.

It is first contended by the defendant in error that the copy of the Texas decree is not a good defense in this proceeding, because it is not properly authenticated in accordance with Code § 38-627. This contention is made for the first time in this court, no objection being made at the time said decree was admitted in evidence in the court below. An objection to the admission of evidence can not be made for the first time in this court, but must be presented to and passed upon by the trial

court.   See *Mosley* v. *Fears,* 135 *Ga.* 71 (68 S. E. 804) ; *Hamilton* v. *State,* 169 *Ga.* 613 (151 S. E. 17).   Evidence having probative value, though inadmissible if properly objected to, admitted without objection, must be considered by the courts of this State in reaching their decisions.   *Thomas* v. *Ellis,* 25 *Ga.* 137; *Hamilton* v. *State,* supra.   It follows, there is no merit in this contention.

■ It is next contended that the plaintiff in error is estopped to plead his Texas divorce as a bar in this proceeding.   The contention is that, when the plaintiff in error on his own motion dismissed his divorce action on August 21, 1950, and allowed the order to be entered without prejudice to the answer and cross-bill, and made no objection thereto and did not plead his Texas divorce as a bar, he is now estopped to do so.   There is no merit in this contention.   Generally, a plaintiff can dismiss his suit at any time before judgment is rendered.   *Black* v. *Black,* 165 *Ga.* 243 (140 S. E. 364).   If, however, there is a cross-bill or if the defendant seeks other affirmative relief, the plaintiff may not dismiss so as to prejudice such a plea.   *Walden* v. *S. M. Whitney Co.,* 200 *Ga.* 6 (36 S. E. 2d, 157).

The order of dismissal of the divorce action between the parties to this action was in accord with the above rules of law.   The plaintiff was allowed to dismiss his action, but the right of the defendant was preserved to pursue any rights she had under her answer and cross-bill.   The plaintiff in the divorce action (plaintiff in error here) was not bound to present his Texas divorce and seek dismissal of the answer and cross-bill at that time, and it is not shown that the defendant, relying upon the plaintiff's failure to do so, was misled into changing her position to her detriment.   See *Gostin* v. *Scott,* 80 *Ga. App.* 630 (56 S. E. 2d, 778).   The Texas divorce decree was matter of defense to the defendant's proceeding upon the answer and cross-bill if and when she elected to proceed.   There is no element of estoppel on these facts.

■ It is next contended that the Texas decree is not entitled to full faith and credit under the Constitution of the United States, for the reason that, at the time the plaintiff in error was awarded a divorce in Texas, he had pending and undisposed of in Washington Superior Court a suit for divorce against the defendant in error.

The full faith and credit clause of the Constitution of the United States, article IV, sec. 1, (Code, § 1-401), places the Georgia courts under a duty to accord prima facie validity to the Texas decree. See Esenwein v. Pennsylvania, 325 U.S. 279 (65 Sup. Ct. 1118, 89 L. ed. 1608); Patterson v. Patterson, 208 Ga. 7 (64 S. E. 2d, 441). While it is true that the Texas decree may be collaterally attacked in the courts of Georgia on the grounds of lack of jurisdiction in the Texas court or fraud in the procurement of the decree, and that the Georgia courts may determine those questions for themselves, where, as here, the only evidence produced on the hearing was a copy of the Texas decree, no question regarding the jurisdiction of the Texas court or of fraud in the procurement of the decree is presented, and the Constitution of the United States, supra, demands that the Texas decree be given full faith and credit. Williams v. North Carolina, 325 U.S. 226 (65 Sup. Ct. 1092, 89 L. ed. 1577); Marchman v. Marchman, 198 Ga. 739 (32 S. E. 2d, 790); Esenwein v. Pennsylvania, supra.

The mere fact that the plaintiff in error had a suit pending in a court in Georgia at the time he procured a Texas divorce is not sufficient to rebut the prima facie validity of the Texas decree. See Code §§ 3-602 and 3-603. Whether or not there was a suit pending in Georgia for the same cause, was not a jurisdictional fact in the cause in Texas.

■ Having decided that the Texas decree in the instant case is entitled to full faith and credit under the Constitution of the United States—the question arises as to what effect such a decree had upon the obligation of the plaintiff in error to pay temporary alimony. Full faith and credit under the Constitution of the United States does not demand that support and maintenance due the wife under an order of the courts of Georgia cease when a valid divorce is granted between the parties in another State. See, in this connection, Estin v. Estin, 334 U.S. 541 (68 Sup. Ct. 1213, 92 L. ed. 1561). Therefore, we must look to the laws of Georgia to determine this question.

Temporary alimony under the laws of Georgia is an allowance out of the husband's earnings to the wife for her support pending the suit for divorce or permanent alimony. Code, § 30-202. When the suit for divorce or permanent alimony

has been finally terminated in all courts, temporary alimony ceases by operation of law. *Osborne* v. *Osborne,* 146 *Ga.* 344 (91 S. E. 61). Cf. *Killingsworth* v. *Killingsworth,* 148 *Ga.* 590 (97 S E. 539). Temporary alimony can not be granted in this State after a valid divorce has been granted in the courts of a sister State. See *Shugart* v. *Shugart,* 182 *Ga.* 663 (186 S. E. 731); *Patterson* v. *Patterson,* 208 *Ga.* 7, supra; *Marchman* v. *Marchman,* 198 *Ga.* 739, supra. It is apparent from the cases above cited that temporary alimony ceases when a valid divorce is granted between the parties, and this is true whether the divorce is granted in Georgia or a sister State. It follows, the judgment of the court below finding the plaintiff in error in contempt of court for failure to pay temporary alimony was error.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., not participating.*