### 35520. WOODY *v.* WOODY.

DECIDED APRIL 8, 1955.

Mrs. *Elsie Griner, Leon Cowrson, Edward Parrish,* for plaintiff in error.

*Franklin, Eberhardt & Barham, Fred L. Belcher,* contra.

GARDNER, P. J. In our opinion there are two questions to determine in this case: (1) Is the decree of divorce, instituted and prosecuted to a successful conclusion in favor of the caveatrix, entitled to the full faith and credit clause of the Constitution of the United States? Article IV, section I of the Constitution of the United States (the full faith and credit clause) reads as follows: "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effects thereof." (Code § 1-401.) (2) Is the exclusion of testimony over objection of the caveatrix reversible error?

■ As to the first question, counsel for the caveatrix call our attention to *Marchman* v. *Marchman,* 198 *Ga.* 739 (32 S. E. 2d 790), wherein numerous decisions are cited. Our attention is called also to *Meeks* v. *Meeks,* 209 *Ga.* 588 (74 S. E. 2d 861) ; *Patterson* v. *Patterson,* 208 *Ga.* 17 (64 S. E. 2d 585) (wherein the Supreme Court took cognizance of Williams *v.* North Carolina, 325 U. S. 226, 65 Sup. Ct. 1092, 89 L. ed. 1577), and 27 C. J. S. 1300. We might state here, without further comment, that the facts in those cases are not similar to the facts in the instant case, for the reason that those cases and others on the same principle hold to the effect that a foreign divorce decree may be collaterally attacked where the party making the attack was not served personally or did not appear in person. In the instant case, the caveatrix instituted and appeared in person and by counsel to obtain the Florida decree. She has no legal right to attack collaterally such a decree which she procured in the manner above stated. It is elementary that our State courts are bound to follow the decisions of the Supreme Court of the United States regarding what limitations upon the full faith and credit

810

clause of the United States Constitution are permissible. In Johnson v. Muelberger, 340 U. S. 581 (71 Sup. Ct. 474, 95 L. ed. 552, 553), among other things it was held: "A state, by virtue of the constitutional clause, must give full faith and credit to an out-of-state divorce by barring either party to that divorce who has been personally served or who has entered a personal appearance from collaterally attacking the decree, where the decree is not susceptible to such collateral attack in the courts of the state which rendered it . . .

"When a divorce cannot be attacked for lack of jurisdiction by parties actually before the court or by strangers in the rendering state, the full faith and credit clause forbids an attack by them anywhere in the United States . . .

"It is clear from the foregoing that, under our decisions, a state by virtue of the clause must give full faith and credit to an out-of-state divorce by barring either party to that divorce who has been personally served or *who has entered a personal appearance* from collaterally attacking the decree. Such an attack is barred where the party attacking would not be permitted to make a collateral attack in the courts of the granting state." (Italics ours.) There are many other decisions which we might cite but we deem it unnecessary.

The court did not err in directing a verdict, because the caveatrix instituted and personally prosecuted to a successful conclusion the divorce in question obtained in the State of Florida.

Counsel for both parties argue the question as to whether or not the caveatrix is estopped to attack the Florida decree. In view of our ruling hereinbefore, we deem it unnecessary to discuss this question.

■ As to the special ground: The caveatrix offered evidence to the effect that she had never lived in the State of Florida, and sought to support this by her own testimony and testimony of other witnesses. This evidence was but to substantiate the question that the decree in Florida was procured by fraud. The court properly excluded this testimony.

Thus we determine that the trial court did not err in denying the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*