### 27080.   STARR v. THE STATE.

HAWES, Justice. Kidd Starr was jointly indicted with Willie L. Cameron and Ralph High for the offense of armed robbery. High pled guilty, and Starr and Cameron were tried jointly. The jury convicted Starr but was unable to

agree on a verdict as to Cameron. After his amended motion for a new trial was overruled, Starr appealed.

1. On the trial Starr and Cameron were represented by different counsel. After the State had rested, and while the defendants were putting in their evidence, counsel for Cameron asked the court that Ralph High be produced as a witness. The court refused that request and counsel for Cameron then placed the assistant district attorney upon the stand to testify under oath and to read a written signed statement which had been taken from High. Counsel for Starr did not object to the reading of High's statement at any time before the district attorney took the stand or at any other time during the trial. He did contend in one of the grounds of his motion for a new trial that the court erred in permitting High's statement to be read. Before this court Starr contends that his conviction should be reversed because this procedure denied him the right to cross examine High and the right to confront High as a witness against him, a right guaranteed by the Sixth Amendment of the United States Constitution (*Code* § 1-806), notwithstanding that no objection was made in the trial court. He relies upon the case of Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 146), in support of this position. That case, however, is not authority for his position. In that case, the Supreme Court of the United States merely held that before an indigent defendant would be held to have waived his right to counsel in the trial of a criminal case it must clearly appear that he did so knowingly and in full awareness of the import of his actions in refusing the proffer of court-appointed counsel. In this case Starr was represented by court-appointed counsel and the issue as to whether the statement of his co-indictee could legally be introduced on the trial against him, while presenting a constitutional question, does not relate to a matter which, as in the Johnson v. Zerbst case, infects the whole proceeding. Appellant does not contend that he was denied effective assistance of counsel, or that ap-

pointed counsel was incompetent to properly and adequately represent him. He merely contends that because this objection rises to constitutional proportions, in that it relates to the Sixth Amendment guarantee of the right to confront witnesses that he should be relieved of responsibility for his attorney's failure to object to the evidence upon the trial of the case and be granted a new trial though the objection to the reading of High's statement was made for the first time in his motion for a new trial. This is not the law. This court has held on occasions too numerous to recount that, though there may be a ground of objection to evidence which would have been good if made at the proper time, yet, if the objection made be not good or not made at all or made for the first time in the motion for a new trial or made only before this court, the Supreme Court being a court alone for the trial and correction of errors of law committed in the trial court, will not set aside the verdict and judgment of conviction on account of the admission of such evidence. *Hamilton v. State,* 169 Ga. 613 (1) (151 SE 17); *Edwards v. State,* 224 Ga. 684, 685 (164 SE2d 120); *Hart v. State,* 227 Ga. 171 (1) (179 SE2d 346); *House v. State,* 227 Ga. 257 (1) (181 SE2d 31); *Salem v. State,* 228 Ga. 186 (3) (184 SE2d 650). See also, *Miller v. Defoor,* 50 Ga. 566 (1); *Mosley v. Fears,* 135 Ga. 71 (2a) (68 SE 804); *Meeks v. Meeks,* 209 Ga. 588 (1) (74 SE2d 861).

It is apparent in this case that counsel for Starr deliberately chose as a trial tactic not to object to the reading of High's statement. Counsel for Cameron argued to the jury in substance that this statement, when considered together with other evidence which had been introduced, showed that there was a conspiracy between High and the police to frame Starr and Cameron. It was only after this ploy failed to work and Starr had been convicted and a different attorney had entered the case that it was determined to object to this evidence. The objection came too late.

2. The trial court charged the jury, "In this case, evidence

has been permitted, two certain statements made by co-defendant in the case [sic]. If a conspiracy is established the declarations of any of the conspirators are admissible in evidence against any member of the conspiracy, but declarations made after the enterprise ended are evidence only against the one making it. It is, therefore, necessary for you to determine if there was a conspiracy under the instructions already given you, and if there was, whether it terminated prior to the time of the alleged declaration of the conspirators. Conspiracy may extend beyond the actual commission of the crime charged. Acts and declarations of any conspirator made in attempt to conceal crime already perpetrated are admissible against all. Ultimately, it is for the jury to determine whether under all the facts and circumstances a conspiracy has been shown and whether it existed at the time of the alleged acts of the supposed conspiracy. If you find a conspiracy to do an unlawful act and conceal it, it actually existed between the defendants at the time of the alleged act beyond a reasonable doubt, then such evidence is admissible and may be considered by you to establish the crime and guilt of these defendants. If there was no conspiracy existing at such time or if there is a reasonable doubt in your minds as to the existence at that time you should not consider any declarations of anyone occurring outside the presence of the defendant binding upon him." Appellant contends in his second ground of enumerated error that the court, by so charging the jury, erred in permitting the jury to consider post-conspiracy admissions or incriminating statements made by Starr's two co-defendants as evidence against Starr and in leaving it to the jury to decide whether a conspiracy still existed at the time such statements were made because such statements were hearsay and had no probative value to convict Starr. Appellant contends that to permit the jury to consider statements of his co-defendants violated the provisions of *Code* § 38-414 which bars the use of the confession of one joint offender or conspir-

ator made after the enterprise is ended against the other. This, however, is a rule of evidence, and inasmuch as there was no timely objection to the introduction of the statements, it was proper to submit to the jury the question of whether a conspiracy had been proven and whether it had ended when the statements were made. *Horton v. State,* 66 Ga. 690, 693; *Smith v. State,* 148 Ga. 332 (1a) (96 SE 632). The evidence was sufficient to prima facie establish a conspiracy, and the trial court did not err in charging as complained of in this ground.

3. During the closing arguments to the jury, counsel for Cameron made certain statements as to what the prosecuting attorney would have done under certain circumstances which were not in evidence. In concluding those statements he interjected the word, "right?" At that point the assistant district attorney stated, "You know that's a damn lie." No motion was made for a mistrial at that time, but after the closing arguments were completed, and before the court instructed the jury, counsel for Starr made a motion for a mistrial on account of that reply by the assistant district attorney. His motion was denied. Thereafter, out of the presence of the jury, the assistant district attorney apologized to counsel and to the court for the use of such language. While the use of such language was inappropriate, in the context in which it was used, the trial court did not abuse its discretion in denying appellant's motion for a mistrial. The remark complained of was directed not to Starr's counsel but to counsel for Cameron, and it is not shown how it could have been harmful to the appellant.

4. The evidence authorized the verdict, and no error of law appearing the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*
ARGUED MARCH 15, 1972—DECIDED MAY 19, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Joel M. Feldman, Richard E. Hicks, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Roger W. Moister, Jr., Deputy Assistant Attorney General, for appellee.*