## 31338. KINGDON v. FOSTER.

GUNTER, Justice.

This appeal presents the issue of whether the Georgia courts must give full faith and credit to an Alabama divorce judgment that is collaterally attacked, by a person not a party to the Alabama judgment, on the ground that the Alabama court lacked subject-matter jurisdiction at the time of the rendition of the Alabama divorce judgment.

The trial court ruled, in proceedings in which each of the contesting parties had sought a summary judgment in her favor, that the collateral attack could be made, that the summary judgment evidence sustained the collateral attack, that the Alabama divorce judgment was void, that the appellant's ceremonial marriage to Mr. Kingdon was not a valid marriage, and that the appellant was therefore not the widow of the deceased, her purported husband. Summary judgment was rendered in favor of Mrs. Foster, the sole surviving child of her deceased father, Mr. Kingdon.

We have concluded that we must respectfully disagree with the trial court's judgment; we conclude that the Alabama divorce judgment is not subject to collateral attack, in the courts of either Alabama or Georgia, by a person not a party to that judgment; and the judgment below must be reversed.

Mrs. Kingdon, the appellant here, had married a Mr. Eidson in 1951. Mr. Eidson was still in life when Mrs. Kingdon married the deceased in 1968. Therefore, the validity or the invalidity of the Alabama divorce judgment, obtained in 1961 by and between Mr. and Mrs. Eidson (now Mrs. Kingdon), is crucial as to whether Mrs. Kingdon was the legal spouse of the deceased and his widow, for inheritance purposes, after Mr. Kingdon's death.

Mr. Kingdon left a will, executed before his ceremonial marriage to Mrs. Kingdon in 1968, in which he left all of his property to his only child, Mrs. Foster. Mrs. Kingdon contended that the will, executed before her marriage to Mr. Kingdon, was revoked by that marriage, and that Mr. Kingdon died intestate. Mrs. Foster

contended that the ceremonial marriage was invalid because of the invalidity of the 1961 Alabama divorce judgment, that the will was not revoked, and that Mrs. Kingdon was not the widow of her deceased father.

Mr. Kingdon died in 1974; Mrs. Kingdon sought to administer the estate of her husband whom she contends died intestate; and Mrs. Foster brought an action in equity that sought to enjoin Mrs. Kingdon's administration of the estate and sought to require Mrs. Kingdon to produce the will, admittedly in Mrs. Kingdon's possession, for probate.

Mrs. Kingdon has appealed from the judgment rendered below in favor of Mrs. Foster.

Whether Mrs. Foster can or cannot attack Mrs. Kingdon's 1961 divorce from Mr. Eidson, rendered in Alabama, is the dispositive issue in this appeal. Mrs. Kingdon, then Mrs. Eidson, filed the divorce action in Alabama; Mr. Eidson, then a resident of Georgia, filed responsive pleadings and submitted personally to the jurisdiction of the Alabama court; Mrs. Eidson's pleadings and affidavit showed her to be a resident of Alabama, and the Alabama 1961 judgment shows on its face that the Alabama court had personal and subject-matter jurisdiction in the case.

Mrs. Foster's sole attack on the Alabama judgment is based on the fact that in 1961 at the time of the entry of the judgment, or at any time prior thereto, Mrs. Kingdon (then Mrs. Eidson) was not a resident of Alabama, and the Alabama court did not have subject-matter jurisdiction for the rendition of a divorce judgment that terminated the marriage between her and Mr. Eidson.

Mrs. Kingdon's primary enumerated error here is: "The divorce decree could not be collaterally attacked in Alabama since plaintiff (Mrs. Foster) had no standing to attack said decree and thus was barred from such attack in Georgia by the Full Faith and Credit Clause of the Constitution of the United States."

In Johnson v. Muelberger, 340 U. S. 581 (1951) the Supreme Court of the United States held that when a decree of divorce cannot be attacked on jurisdictional grounds by parties who were actually before the court, or by their privies, or by strangers, in the courts of the state

in which the decree was rendered, the Full Faith and Credit Clause precludes their attacking it in the courts of a sister state.

The opinion in Johnson v. Muelberger relied on the case of Sherrer v. Sherrer, 334 U. S. 343 (1948) in which the Supreme Court said: "This court has also held that the doctrine of res judicata must be applied to questions of jurisdiction in cases arising in state courts involving the application of the full faith and credit clause where, under the law of the state in which the original judgment was rendered, such adjudications are not susceptible to collateral attack." P. 350.

In *Woody v. Woody*, 91 Ga. App. 806 (87 SE2d 222) (1955), the Georgia Court of Appeals explicitly acknowledged the Johnson v. Muelberger rule in the full faith and credit area. So far as we have been able to determine, the Johnson v. Muelberger rule has never been relied on, referred to, or cited in the opinions of this court on the issue of collateral attack upon the judgment of a sister state.

Therefore, it follows that if Mrs. Foster could not attack the 1961 divorce judgment today in the Alabama courts, she cannot attack it in the Georgia courts.

In Aiello v. Aiello, 272 Ala. 505, 510 (133 S2d 18) (1961) the Supreme Court of Alabama said, in language that was not necessary to a decision in that case, that the complaining party had no standing to collaterally attack a divorce judgment. That court said: "He was not a party to the divorce suit. We do not think he possessed, at the time the divorce decree was rendered, any right which was adversely affected by that decree. It does not appear that he stands in privity with either party to the divorce suit. He cannot derive any right from the respondent, the woman he purportedly married in 1950, because, if the 1950 marriage is void as he says it is, then no right could pass to him by a void marriage; and, if the marriage be not void, then he is still the husband of the respondent and cannot have their marriage annulled, as he seeks to have done by this suit." P. 22.

Yerger v. Cox, 281 Ala. 1, 5 (198 S2d 282) (1967) adopted and affirmed the language used in Aiello and said: "In the instant case, the allegations of the bill do not

show that the decree divorcing the Coxes was void on its face. The bill does show that the complainants are strangers to the decree, that they occupy no status and had no rights which were or could have been affected by the decree at the time it was rendered. No right attempted now to be asserted was acquired by either the complainants or their father, the second husband, prior to the rendition of the decree." P. 286.

Weisner v. Weisner, 282 Ala. 626 (213 S2d 685) (1968) followed Yerger v. Cox and denied collateral attack.

We conclude that the Alabama courts would not permit Mrs. Foster to now attack the 1961 judgment of its court; and the Full Faith and Credit Clause will therefore not permit such a collateral attack in the courts of this state.

A recent decision of the Appellate Court of Illinois, Fourth District, is in accord with what we have ruled here. In Alikonis v. Alikonis, 36 Ill. App. 3d 159, 163 (343 NE2d 161) (1976) that court said: "In the instant case defendant had no pre-existing rights at the time of plaintiff's Alabama divorce and that decree is not shown to be void on its face. That decree, therefore, would not have been subject to collateral attack by defendant in the state of Alabama."

The 1961 Alabama judgment must be accorded full faith and credit; and Mrs. Foster is prevented from attacking it on the ground that the Alabama court that rendered it lacked subject-matter jurisdiction.

*Judgment reversed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

ARGUED JULY 14, 1976 — DECIDED NOVEMBER 23, 1976 — REHEARING DENIED DECEMBER 14, 1976.

*Garland, Nuckolls, Kadish, Cook & Weisensee, O. Jackson Cook, Cliffe Lane Gort, Robert W. Hassett,* for appellant.

*Webb, Parker, Young & Ferguson, David E. Betts, Paul Webb, Jr., Bertram S. Boley,* for appellee.