42328. JONES et al. v. THE STATE.

Deen, Judge. 1. *Code* § 26-2304 deals with two crimes—malicious destruction or injury to certain buildings wherein no person resides, and the malicious attempt to destroy or injure certain buildings, as to which latter it is not necessary to allege that the building is not itself a residence or so near to a place of residence, etc., as to endanger life. These indictments charged the defendants with a "malicious attempt to destroy and injure" certain buildings, in the course of which they did an overt act by igniting dynamite within the place of business. The motions to dismiss on the ground that no crime was charged, and that an "attempt" was charged when under the language of the indictment itself it appears that the buildings were injured by the explosion of dynamite are without merit. An indictment which states the offense in the language of the Code is sufficient. *Code* § 27-701. Although the motion was made before trial and does not admit dis-· cussion of cases decided under *Code* § 27-2508, holding no person shall be convicted of an attempt to commit an offense where it appears from the evidence that the offense was in fact successfully perpetrated, the objection would not be good here in any event. The State proved its case by proving an attempt to destroy certain buildings, in the course of which the dynamite was set off and some injury to the buildings, not amounting to their destruction, resulted.

2. A large part of the evidence is given over to proof of the circumstances under which signed confessions or incriminatory statements were elicited from the various defendants. It appears that each was subjected to an in-custody interrogation prior to obtaining counsel, but it also appears from testimony of agents of the Federal Bureau of Investigation and the Georgia Bureau of Investigation that the defendants were informed of their right to counsel, of their right to refuse to make any statement, and of the fact that anything they said might be used against them on the trial of the case. They were not informed of the fourth requirement stated in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), that if indigent they had the right to obtain the services of counsel without charge. In Johnson v. New Jersey, 384 U. S. 719 (86 SC 1772, 16 LE2d 882), the Supreme Court held that the requirements of Miranda were not to be given a retrospective

effect as to any case tried prior to June 13, 1966, the date of the decision and added: "At the same time, our case law on coerced confessions is available for persons whose trials have already been completed, providing of course that the procedural prerequisites for direct or collateral attack are met. . . Prisoners may invoke a substantive test of voluntariness which, because of the persistence of abusive practices, has become increasingly meticulous through the years. . . That test now takes specific account of the failure to advise the accused of his privilege against self-incrimination or to allow him access to outside assistance." Johnson, supra, p. 730. Judged by pre-Escobedo and pre-Miranda standards the cautionary instructions were ample, and there is sufficient credible evidence here to justify a holding that no coercion was practiced on these defendants.

The remaining enumerations of error, not having been developed by counsel in brief or oral argument, are deemed abandoned.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

ARGUED SEPTEMBER 12, 1966—DECIDED SEPTEMBER 29, 1966—REHEARING DENIED OCTOBER 10, 1966—

*Sullivan & Herndon, John J. Sullivan, Kravitch & Hendrix, Aaron Kravitch,* for appellants.

*Andrew J. Ryan, Jr., Solicitor General, Andrew J. Ryan, III,* for appellee.