## 43754.  BELL v. THE STATE.

SUBMITTED JULY 1, 1968—DECIDED SEPTEMBER 3, 1968.

*Cook & Palmour, Bobby Lee Cook,* for appellant.

*Robert G. Walther, Solicitor General,* for appellee.

FELTON, Chief Judge. The indictment states the offense in the language of the Code (§ 26-2304), which makes it sufficient. *Code* § 27-701; *Jones v. State,* 114 Ga. App. 448 (1) (151 SE2d 839). The demurrers raise the issue of whether or not the accused's alleged act of going upon the premises with dynamite in his possession was such an overt act towards the commission of the crime as is necessary to constitute an attempt. The Code (§ 27-2507), in defining attempts to commit crime, requires that the accused shall have done merely *"any* act toward the commission of such crime." (Emphasis supplied.) While acts merely *preparatory* to the commission of a crime do not constitute an attempt, in general it is sufficient if there is *an* act done in pursuance of the intent, and *more or less* directly tending to but falling short of, the commission of the crime. *Groves v. State,* 116 Ga. 516 (42 SE 755, 59 LRA 598), quoting on p. 517 from Clark's Criminal Law (2d Ed.) p. 127 as follows: " 'In general, the act must be inexplicable as a lawful act, and must be more than mere preparation. Yet it can not accurately be said that no preparation can amount to an attempt. *It is a question of degree, and depends upon the circumstances of each case.'* " (Emphasis supplied.) The act must be "sufficient both in magnitude and in proximity to the fact intended, to be taken cognizance of by the law that does not concern itself with things trivial and small." 1 Bish. New Crim. L. § 728, cited in *Groves,* supra, p. 518. "[I]n numerous cases it has been said to be sufficient that the act go far enough toward accomplishment of the crime to amount to commencement of its consummation." 22 CJS 232, Criminal Law, § 75 (2), citing *Hammond v. State,* 47 Ga. App. 795 (171 SE 559). It has also been stated that "the act need not be the ultimate step toward, or the last proximate, possible act to the consummation of the offense attempted to be perpetrated." Ibid, p. 233, citing United States v. Coplon, (C.A.N.Y.), 185 F2d 629, 633 (28 ALR2d 1041), cert. denied, 342 U. S. 920 (72 SC 362, 96 LE 688). The fact that the accused is prevented or intercepted by any parties or intervening circum-

stances from committing the final act or acts constituting the crime does not negate the existence of an attempt. *Code* § 27-2507; *Alsobrook v. State,* 126 Ga. 100 (54 SE 805).

Judged by the above standards, the alleged act of going onto the premises with dynamite, the exploding of which was allegedly averted only by the accused's having been "intercepted and prevented," constituted a sufficient allegation for an indictable attempt to commit the crime. Considering the circumstances of the case, which must be done, to hold otherwise would jeopardize the safety of would-be captors and the property which is the target of would-be dynamiters, as well as make more difficult or impossible the prevention of the fully executed crimes or, in the alternative, the capture of the perpetrators. While it might be argued that the accused should have been allowed to actually place the dynamite or even prepare to ignite it before being apprehended, again, this would be a dangerous requirement. Even if there might exist an opportunity to prevent the ignition of the explosive, there still would be a chance that the perpetrator might instead ignite it and hurl it toward or into the building, in which case preventive measures would be virtually precluded. In determining whether or not the act was inexplicable as a lawful act, the captors, again, must be governed by the potentially and immediately dangerous circumstances, allowing themselves a reasonable margin of safety after the intent to commit the crime was sufficiently apparent to them. The alleged act was at least prima facie unlawful and any legal justification therefor could be asserted by a defense in the trial of the case.

The court did not err in its judgment overruling the demurrers to the indictment.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*