### 27458. MORGAN v. KIFF.

GUNTER, Justice. This appeal is from a habeas corpus judgment remanding the appellant to custody. During the pendency of this appeal, the appellant has been paroled and is now serving the balance of his sentence on parole. However, that fact does not moot the appeal, because still prevailing are the balance of the sentence to be served on parole, and the conditions attached to parole, which if violated would result in recon-finement.

In his habeas corpus application the appellant attacked his conviction on the ground that it was procured through the introduction and use of evidence at the trial which was obtained by the state in violation of his Fourth Amendment rights.

The appellant was convicted of violating the Uniform Narcotic Drug Act of Georgia—the unlawful possession of marijuana.

The record shows that law enforcement officers in Atlanta received information from a law enforcement officer in California that a package addressed to one Grady Morgan and believed to contain marijuana had been shipped by air express and would arrive at the

Atlanta Airport in due course. No other information concerning the informer, the source of the tip, or corroborating circumstances with respect to the informant or the reliability of the tip appears in the record.

On the basis of this information the Atlanta officers went to the Atlanta Airport and awaited the arrival of the package. Upon the arrival of the package they examined its contents and determined that it did in fact contain marijuana. They then waited for someone to call for the package which the appellant did several hours later. Appellant signed for the package, took it to his automobile, and was then arrested by the officers.

At his trial the appellant contended that he did not have any knowledge of the contents of the package, that he did not have any criminal intent of possessing marijuana, and that he had been inveigled into accepting delivery of the package without having any knowledge whatsoever that it contained marijuana.

The package of marijuana was introduced in evidence, and the officers testified to the facts as related above concerning the arrival of the package, the examination of the package, the appellant's calling for and accepting delivery of the package, and the arrest of the appellant. No motion was made to suppress this evidence, and no objection was made to its introduction at the trial.

A jury found the defendant guilty, and his conviction was affirmed on appeal to the Court of Appeals of Georgia. *Morgan v. State,* 120 Ga. App. 454 (170 SE2d 835) (1969). However, in none of these proceedings was the search of the package, the arrest of the appellant, and the seizure of the package attacked on constitutional grounds.

We therefore have a situation where the constitutional attack is made for the first time in an application for

the writ of habeas corpus.

Our habeas corpus statute (Code Ann. § 50-127 (1)) provides in part as follows: "Any person imprisoned by virtue of a sentence imposed by a state court of record who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Georgia or the laws of the State of Georgia may institute a proceeding under this section. Rights conferred or secured by the Constitution of the United States shall not be deemed to have been waived unless it is shown that there was an intentional relinquishment or an abandonment of a known right or privilege which relinquishment or abandonment was participated in by the party and was done voluntarily, knowingly and intelligently."

This statute was patterned on language contained in Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 1461, 146 ALR 357) (1938), and the necessity for such a statute relating to waiver was confirmed in 1969 by the decision of the Supreme Court of the United States in Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

In the case of Henry v. Mississippi, 379 U. S. 443 (1965), with respect to waiver of a substantive Federal Constitutional claim, the Supreme Court of the United States said: "These cases settle the proposition that a litigant's procedural defaults in state proceedings do not prevent vindication of his federal rights unless the state's insistence on compliance with its procedural rule serves a legitimate state interest. In every case we must inquire whether the enforcement of a procedural forfeiture serves such a state interest. If it does not, the state procedural rule ought not be permitted to bar vindication of important federal rights."

We therefore conclude that there has not been a forfeiture or waiver by the appellant, and that he can,

in this habeas corpus action, assert and insist upon a denial of his federal constitutional rights under the Fourth Amendment.

We next consider whether the appellant's Fourth Amendment rights were violated. In Mapp v. Ohio, 367 U. S. 643, 655 (81 SC 1684, 6 LE2d 1081, 84 ALR2d 933) (1961) the Supreme Court of the United States made the "Exclusionary Rule" applicable to the states holding: "We hold that all evidence obtained by searches and seizures in violation of the Constitution is, by that same authority, inadmissible in a state court."

The record in this case does not give a basis for "probable cause" for searching and examining the package upon its arrival at the Atlanta Airport.

The "probable-cause" requirements for a search without a warrant are the same requirements necessary for the issuance of a warrant by a magistrate. And these requirements are that the judicial officer issuing such a warrant must be supplied with sufficient information to support an independent judgment that probable cause exists for the issuance of the warrant. See Whiteley v. Warden, 401 U. S. 560 (91 SC 1031, 28 LE2d 306) (1971).

The search and examination of the package at the Atlanta Airport without a constitutional basis for such search and examination infected the two subsequent events, the arrest of the appellant and the seizure of the package, with the same unconstitutional affliction. Therefore, the search of the package, the arrest of the appellant and the seizure of the package, all without "probable cause," violated the appellant's constitutional rights under the Fourth and Fourteenth Amendments; and the evidence secured as a result thereof should have been excluded from his trial in the convicting court. Mapp v. Ohio, 367 U. S. 643, supra.

On the basis of the present record of the convicting court

the judgment of conviction was unconstitutional and cannot stand. The habeas corpus judgment was therefore erroneous. However, since there was no motion to suppress nor objection made in the trial court to the introduction of the fruit of the apparently unconstitutional search, the appellant here denied the trial court an opportunity to rule on the admissibility or the inadmissibility of this evidence on constitutional grounds. Also, in such circumstances there was no necessity for the state to attempt to show that there was a constitutional basis for the search.

We therefore reverse the habeas corpus judgment and direct the habeas corpus court to enter an order that will permit the state to attempt to show in either the habeas corpus court or in the convicting court that there was adequate constitutional basis for the search. If the state's attempt is successful, then the evidence admitted at the trial was not subject to the constitutional attack now made in this habeas corpus action, and the judgment of conviction can stand. If the state's attempt to show the constitutionality of the search is unsuccessful, then the judgment of conviction was constitutionally erroneous and must be set aside.

*Judgment reversed with direction. All the Justices concur.*
SUBMITTED SEPTEMBER 12, 1972 — DECIDED MARCH 15, 1973.

Grady Morgan, *pro se.*
*Arthur K. Bolton, Attorney General,* for appellee.