## 53123. MOORE v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction of voluntary manslaughter and aggravated assault. He enumerates as error, a denial of his motion for a new trial, denial of his right to a speedy trial, and cross examination of defendant as to his "mental state" one year after the offense. *Held:*

1. Counsel neither supported his enumeration of error on the motion for new trial with citation of authority nor argument, and it is deemed abandoned. *Clark v. State,* 138 Ga. App. 266 (226 SE2d 89). However, as the bases for the motion were the general grounds, and our examination of the record shows ample evidence to support the verdict and judgment, this enumeration is without merit.

2. On direct examination defendant was asked what he did after he shot one of the victims. He testified: "I dropped the gun and I ran . . . Q. And why did you run? . . . A. Well, I guess I wasn't in my right mind." On cross examination he was asked by the district attorney: "Q. Did you know whether they were alive or dead? A. No, sir. Q. All right. But knowing you had shot two people you didn't wait for the police to come? A. Because I was frightened and I was upset and nervous and I wasn't in my right mind after that happened. Q. Were you in your right mind April of 1973, a year later? . . . A. I was still upset."

Counsel for the state merely cross examined defendant on a topic introduced by him on direct examination. Secondly, the shooting occurred on April 9, 1972. Defendant was not arrested until September 25, 1974. He contended he never left the city. The right of cross examination is a substantial right, the preservation of which is essential to proper administration of justice, and extends to all matters within the knowledge of the witness which are relevant and material, disclosure of which aids resolution of the issues in the case. *Crosby v. State,* 90 Ga. App. 63 (82 SE2d 38). The court did not err in permitting the defendant to be questioned about his mental state one year after the commission of the offense

charged — when the topic was first raised on direct examination, and was explanatory of subsequent conduct. See generally, 98 CJS 138, 190, Witnesses, §§ 379, 401 (a) (4).

3. Defendant contends he was denied a speedy trial under the Sixth Amendment to the United States Constitution. A thorough review of the record and transcript reveals this question was not raised at the trial level. Defendant, in violation of Rule 18 (c) (3) (i) of this court, fails to refer to any portion of the record or transcript in support of this enumeration.

The general rule regarding the raising of issues for the first time on appeal is well known. "An issue not raised during the trial in any form calling for a ruling will not be considered by this court." *Jett v. State,* 136 Ga. App. 559, 560 (222 SE2d 54). However, as the right to a speedy trial is a constitutional right, can it be waived by a failure to raise it at the trial level? A speedy trial is guaranteed an accused by the Sixth Amendment to the United States Constitution. Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101). Further, Klopfer v. North Carolina, 386 U. S. 213 (87 SC 988, 18 LE2d 1), established that denial of a speedy trial under the Sixth Amendment is applicable to the states through the due process clause of the Fourteenth Amendment. The United States Supreme Court was faced with an issue of waiver under the Sixth Amendment in Johnson v. Zerbst, 304 U. S. 458 (58 SC 1019, 82 LE 1461), and they held that such right "may be waived; but the waiver must be an intelligent one." They stated that "[a] waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." As to constitutional rights, the Supreme Court has consistently held that "[p]resuming waiver from a silent record [as in this case] is impermissible. The record must show, or there must be an allegation and evidence which show that an accused . . . understood and intelligently rejected . . ." the constitutional right. Carnley v. Cochran, 369 U. S. 506, 516 (82 SC 884, 8 LE2d 70); Boykin v. Alabama, 395 U. S. 238, 243 (89 SC 1709, 23 LE2d 274).

In recent years the Supreme Court, while affirming the principles outlined in Johnson v. Zerbst, has analyzed

and refined the cases where waiver may be applied on constitutional issues. In Schneckloth v. Bustamonte, 412 U. S. 218 (93 SC 2041, 36 LE2d 854), the court noted that "[o]ur cases do not reflect an uncritical demand for a knowing and intelligent waiver in every situation where a person has failed to invoke a constitutional protection . . . [412 U. S. p. 235]. Almost without exception, the requirement of a knowing and intelligent waiver has been applied only to those rights which the Constitution guarantees to a criminal defendant in order to preserve a fair trial . . . [412 U. S. p. 237]. There is a vast difference between those rights that protect a fair trial and the rights guaranteed under the Fourth Amendment . . ." 412 U. S. p. 241.

In Davis v. United States, 411 U. S. 233 (93 SC 1577, 36 LE2d 216), where the defendant at no stage of the trial proceedings attacked the composition of the grand jury but asserted it in habeas corpus, the court held that the "waiver standard" of the Federal Rules of Criminal Procedure precluded such "collateral" attack as defendant "offers no plausible explanation of his failure to timely make his objection . . ." 411 U. S. p. 243. Accord, Shotwell Mfg. Co. v. United States, 371 U. S. 341 (83 SC 448, 9 LE2d 357). Also, the Supreme Court held, in Cardinale v. Louisiana, 394 U. S. 437 (89 SC 1162, 22 LE2d 398), that where an issue of constitutionality of a statute "was not raised, preserved, or passed on in the state courts" it would be dismissed when raised for the first time in federal courts. This is the rule applied by our state Supreme Court. *Thornton v. State,* 234 Ga. 480 (216 SE2d 330).

In *Morgan v. Kiff,* 230 Ga. 277 (196 SE2d 445), our Supreme Court was faced with the constitutional issue of search and seizure not raised in the trial forum. They held that under our habeas corpus statute, which "was patterned on language contained in Johnson v. Zerbst . . . there has not been a forfeiture or waiver by the appellant, and that he can, in this habeas corpus action, assert and insist upon a denial of his federal constitutional rights under the Fourth Amendment." 230 Ga. pp. 279-280.

The decision in *Morgan v. Kiff,* supra, did not refer to *Starr v. State,* 229 Ga. 181 (190 SE2d 58), which dealt with

a defendant who "contends that because this objection rises to constitutional proportions, in that it relates to the Sixth Amendment guarantee of the right to confront witnesses that he should be relieved of responsibility for his attorney's failure to object to the evidence upon the trial of the case and be granted a new trial. . . This is not the law . . . [I]f the objection . . . be . . . not made at all or made for the first time . . . only before this court, the Supreme Court being a court alone for the trial and correction of errors of law committed in the trial court, will not set aside the verdict and judgment of conviction . . ." 229 Ga. p. 183.

Although *Morgan* considered a constitutional issue not raised in the trial court and *Starr* refused to consider a constitutional issue not raised in the trial court, these decisions are compatible with the foregoing federal citations. The distinction being that we will not consider, in this court, errors first asserted on appeal, but the Supreme Court may consider issues first presented in a habeas corpus appeal. See McMann v. Richardson, 397 U. S. 759 (90 SC 1441, 25 LE2d 763); Davis v. United States, 411 U. S. 233, supra. The critical difference is that there is a trial of the issues in an habeas corpus hearing which were not raised at trial. Code § 50-114. Thus, in a criminal case, the state would have the opportunity to rebut the contentions of the defendant in the habeas corpus hearing whereas the issue was never litigated when not raised in the trial court and was asserted first on appeal. As in our case, where no allegation is made during trial that defendant was denied a speedy trial, the state may have an acceptable explanation for the complete delay. It was clearly intimated that defendant may have absented or concealed himself from police authorities after the aggravated assault and homicide for approximately two and one-half years until his arrest. The reason for not raising the issue could have been the desire not to litigate. If that was the purpose, such trial tactic can amount to waiver. Henry v. Mississippi, 379 U. S. 443, 450 (85 SC 564, 13 LE2d 408); McMann v. Richardson, 397 U. S. 759, 768, supra; Davis v. United States, 411 U. S. 233, 236, supra.

In consonance with above cited authorities, we hold

that a defendant may not raise the issue of speedy trial on appeal unless such issue was first raised at trial. Cf. *Wilson v. State,* 126 Ga. App. 145, 147 (190 SE2d 128); *Mayo v. State,* 132 Ga. App. 217, 218 (207 SE2d 697); *Edwards v. City of Albany,* 136 Ga. App. 488, 489 (221 SE2d 681); *Jett v. State,* 136 Ga. App. 559, 560, supra; *Clarke v. Grimes,* 223 Ga. 461 (156 SE2d 91); *Moore v. Dutton,* 223 Ga. 585 (157 SE2d 267); *Atkins v. Martin,* 229 Ga. 815, 816 (194 SE2d 463); *Thornton v. State,* 234 Ga. 480, supra. We emphasize that we do not reach the issue of waiver. If defendant avails himself of a petition of habeas corpus, that issue may then be decided. See ABA Standards Relating to Speedy Trial, 4.1; see also *Morgan v. Kiff,* 230 Ga. 277, supra; Henry v. Mississippi, 379 U. S. 443, 451, supra; Boykin v. Alabama, 395 U. S. 238, supra; Schneckloth v. Bustamonte, 412 U. S. 218, 245, supra.

*Judgment affirmed. Stolz and Shulman, JJ., concur.*

SUBMITTED JANUARY 10, 1977 — DECIDED FEBRUARY 9, 1977.

*Falligant, Sims & Hunter, Robert E. Falligant, Jr.,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Andrew J. Ryan, III, Robert M. Hitch, III, Assistant District Attorneys,* for appellee.