## 57623. LETT v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted for the offense of criminal attempt (robbery by intimidation) with intent to commit theft in that he did attempt to take from the person and immediate presence of the victim the contents of a cash register, including a sum of United States currency "by use of intimidation, threat, coercion and by placing said person in fear of immediate bodily injury." The defendant was convicted and sentenced to serve four years, the first two years to be served in confinement and following his release therefrom the remainder imposed to be served on probation. A motion for new trial was filed and denied, and defendant appeals. *Held:*

The sole issue raised by defendant's enumeration of error is that the evidence wholly fails to support a conviction of criminal attempt in that there was no evidence of a substantial step toward the crime of robbery as alleged in the indictment. The evidence clearly shows that an employee in charge of a convenience store was approached by the defendant to make a purchase and as he was putting the merchandise into a bag and was intending to make change from money the defendant handed him, the defendant then said, "give me all the money in the cash register or I will cut your G— D— guts

out. He indicated with his hand that he had something under his shirt." There was a rectangular bulge to his shirt, and there appeared to be a rectangular object under his shirt being held with his right hand. Whereupon the victim asked him if he was serious, to which he replied, "you are damn right I am serious. . ." Whereupon the convenience store employee began stalling for time and reached over and got a cheese knife (old fashioned butcher knife) and threatened the defendant with the knife. Whereupon the defendant told him he was joking and, "showed me that he had a comb underneath his shirt." Whereupon the employee laid the knife to one side and rang up the money for the purchase. The defendant made another purchase and thereafter left the store. The police were then called and apprehended him in an automobile. The demand for the contents of the cash register was accompanied by an immediate threat of immediate serious bodily injury in the event the employee did not comply with the demand. Defendant had indicated he had a weapon underneath his shirt which the employee believed to be a knife. The situation was such to create an apprehension of danger and had it induced the employee to part with the property for the safety of his person it would have been robbery. See *Johnson v. State,* 1 Ga. App. 729, 730 (57 SE 1056). A substantial step was made toward the commission of a crime, even though it might not be the ultimate step or the last possible act to the consummation of the offense attempted. See *Bell v. State,* 118 Ga. App. 291, 292 (163 SE2d 323); *Groves v. State,* 116 Ga. 516, 517 (42 SE 755); *Slater v. State,* 73 Ga. App. 284, 286-288 (36 SE2d 169); *Sanders v. State,* 135 Ga. App. 436, 438 (218 SE2d 140). There was sufficient evidence to support the verdict of guilty of the criminal attempt. See *Hurt v. State,* 239 Ga. 665, 668 (238 SE2d 542).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

SUBMITTED APRIL 3, 1979 — DECIDED MAY 29, 1979.

*Jack H. Affleck, Jr., Vicki C. Affleck,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook,*

*Jr., Assistant District Attorney,* for appellee.