## 58243. BAKER v. THE STATE.

BIRDSONG, Judge.

Michael Allen Baker was convicted of kidnapping, resulting in personal injury, and sentenced to serve 10 years. He enumerates the denial of his motion for new trial based upon the general grounds. *Held:*

The jury heard evidence which if believed would show that Baker approached the victim at about 1:15 a.m. while she was making a telephone call from an open telephone stall, placed a hunting-style knife against her body and threatened to kill her on the spot if she did not accompany him. When she resisted verbally, he forced her to move across the sidewalk apparently toward his automobile which had its motor running and the door standing open. During the struggle and resistance, the victim pushed the knife away from her body and suffered a slash on her hand that required several sutures to close. At the time the two left the sidewalk and entered the street, a police car drove up on routine patrol. Upon seeing the police vehicle, appellant fled but was apprehended shortly thereafter attempting to hide beneath a car in a lot behind the shopping center where the incident occurred. Appellant admitted most of these facts but claimed that he was attempting to use the telephone next to the one being used by the victim. Upon ascertaining that he did not have appropriate change, he left to return to his car. When the victim started to scream, he turned to see why, just as a police vehicle arrived. Out of fear for his safety, he tried to leave the area.

On appeals from findings of guilty, the presumption of innocence no longer prevails, the fact finders have determined the credibility of witnesses, the fact finders have been convinced beyond reasonable doubt, and the appellate courts review the evidence only to determine if there is any evidence sufficient to authorize the fact finder to return the verdict of guilty. *Rhodes v. State,* 239 Ga. 257, 259 (236 SE2d 609); *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131); *Blackwell v. State,* 139 Ga. App. 477, 478 (228 SE2d 612). In making this determination, the evidence must be construed to uphold the verdict, the conflicts must be resolved against the appellant, and if there is any

evidence to support the verdict, it must be affirmed. *Johnson v. State,* 231 Ga. 138 (1) (200 SE2d 734); *Talley v. State,* 137 Ga. App. 548, 549 (224 SE2d 455). There being ample evidence, we affirm the judgment of the trial court.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

Submitted July 10, 1979 — Decided October 5, 1979.

*Stanley Herndon,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Isaac Jenrette, R. David Petersen, Assistant District Attorneys,* for appellee.