## 61932. AMBROS v. THE STATE.

POPE, Judge.

Jonas Lee Ambros appeals his conviction of armed robbery. In addition to the general grounds, he enumerates several errors dealing with identification evidence. *Held:*

1. The evidence adduced at trial showed that on July 30, 1980 the Jolly King restaurant in Hapeville, Georgia was robbed at gunpoint of over $150. Appellant was identified as the culprit by several persons in the restaurant at the time of the robbery. Appellant was arrested after having fled the scene on foot. He was observed to have removed some of his outer clothing during his flight. During the chase he discarded this outer clothing and some money and fired two gunshots at pursuing police officers. There was some conflicting evidence regarding one witness' identification of appellant shortly following his arrest. Nevertheless, viewing the evidence in a light most favorable to the state, we conclude that a rational trier of fact could have found appellant guilty of the crime charged beyond a reasonable doubt. Accord, *Daniels v. State,* 158 Ga. App. 476 (1) (1981).

2. Appellant contends that the trial court erred in denying his pretrial motion to suppress the photographic identification of him by one of the witnesses, Linda Marie Hakes. Because this witness had not previously had the opportunity to identify appellant, the state had conducted a photographic array for her at the courthouse on the morning of the trial. At a pretrial hearing on this motion, Hakes stated that she had been present during the subject armed robbery; that she had not been asked to identify anyone prior to the morning of the trial; that she had not been allowed into the courtroom so that she might see appellant before she had identified him from the photographic array; that there were six or seven photographs in the array; and that no attempt was made to influence her selection. The police officer who gave Hakes the photographs testified that he had given her eight photographs and that she had selected the one of appellant. The record discloses that all persons in the photographs were black males in the same age range and having similar physical characteristics.

" 'Each case must be considered on its own facts [Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) (1968)], and the due process test looks to the totality of the surrounding circumstances. Id. at 383; Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) [(1972)]; *Yancey v. State,* 232 Ga. 167 (205 SE2d 282) [(1974)]. Simmons enunciated a two-part test. The first inquiry is whether the photographic display was impermissibly suggestive.

Only if it [were], need the court consider the second question: whether there was a very substantial likelihood of irreparable misidentification. "[I]f the judge does not find as a matter of law both that the picture spread was impermissibly suggestive *and* that there [was] a substantial likelihood of irreparable misidentification, the in-court identification may be put before the jury." United States v. Sutherland, 428 F2d 1152, 1155 (5th Cir. 1970).' " *Thomas v. State,* 148 Ga. App. 222 (251 SE2d 136) (1978). The identification of appellant from the photographic lineup in this case was in accord with due process standards and did not taint the in-court identification. *Stroud v. State,* 246 Ga. 717 (2b) (273 SE2d 155) (1980).

3. The admission in evidence of the "mug shots" used in the photographic array shown to Hakes did not inject appellant's character into evidence. *Creamer v. State,* 229 Ga. 704 (2) (194 SE2d 73) (1972).

4. Appellant also contends that the identification of him by two other witnesses at the police station shortly after his arrest was impermissibly suggestive and likely caused an irreparable misidentification. However, the record discloses no objection by the appellant to the testimony offered by these two witnesses at trial. "It is well settled in this state that it is too late to urge objections to the admission of evidence after it had been admitted [at trial] without objection." *Yarbrough v. State,* 151 Ga. App. 474, 475 (260 SE2d 369) (1979); *Starr v. State,* 229 Ga. 181 (1) (190 SE2d 58) (1972). See generally *Moore v. State,* 141 Ga. App. 245 (3) (233 SE2d 236) (1977). In any event, the transcript reveals that, considering the totality of the circumstances, the showup conducted at the police station shortly after appellant's arrest was not such as would likely have caused an irreparable misidentification. See *Yancey v. State,* supra; *Belcher v. State,* 159 Ga. App. 146 (1) (1981).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

Decided September 10, 1981.

*Robert M. Coker,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Wallace Speed, Assistant District Attorneys,* for appellee.