## 71580. HERRINGTON v. THE STATE.
### (340 SE2d 637)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of aggravated assault (with intent to rape) and "attempted kidnapping." *Held*:

1. The State's evidence shows that the victim, a college student, was training to participate in the sport of cross-country track. The victim was running along the left side of a public road when defendant in an automobile drove alongside of her and accosted her. The victim testified that defendant made obscene remarks to her and offered her money for sexual favors. The victim then testified: "Right about that time that's when we came up on the railroad tracks and his car was swaying back and forth and I was trying to watch him and trying to figure out how to dodge the railroad tracks because there was some trees there and stuff in my way. I was going to try and dart and that's when he cut me off and that's when he grabbed me." The victim also explained that defendant "sped up and with his left hand outside the window he put his hand in my shorts and picked me off the ground." The victim was picked off the ground "dangling on the side of the car" and carried about twenty yards. The victim swung her arm and hit the defendant about the shoulder area whereupon he released the victim.

Defendant testified that he saw the victim jogging, that he did not know the victim and that he drove alongside of her, "asked her if I could go to bed with her and I asked her if I could fondle her and I offered her some money." Defendant testified that the victim did not stop or say anything, that he drove on without having touched her, and that as he drove away he saw her fall.

"Where the testimony of the state and that of the defendant is in conflict, the jury is the final arbiter (*Sims v. State*, 137 Ga. App. 264 (223 SE2d 468)), and after the verdict is approved by the trial judge, the evidence will be construed so as to uphold the verdict even where discrepancies appear. *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528)." *Rhodes v. State*, 168 Ga. App. 10, 11 (1) (308 SE2d 33). The evidence was sufficient to enable any rational trier of fact to find

defendant guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Sanborn v. State*, 176 Ga. App. 259, 260 (3) (335 SE2d 719); *Pope v. State*, 176 Ga. App. 201, 202 (2) (335 SE2d 478).

2. Defendant contends that the trial court gave an incomplete charge to the jury in regard to the purported lesser included offenses of simple assault and simple battery. Insofar as this enumeration of error addresses a failure to charge on any lesser included offense of "attempted kidnapping" or simple assault as a lesser included offense of aggravated assault (with intent to rape), there is no error due to the absence of a written request to charge. *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354); *Johnson v. State*, 174 Ga. App. 751, 752 (3) (330 SE2d 925).

Defendant requested a charge on simple battery as a lesser included offense of aggravated assault (with intent to rape), which the trial court gave in part to the jury. However, at the conclusion of the charge, when instructing the jury as to the form of its verdict, the trial court charged only as to the alternative of guilty or not guilty as to each count of the indictment and made no further reference to any lesser included offense. Defendant argues that the trial court erred in failing to include guilty of the lesser included offense of simple battery as a third alternative verdict in regard to the charge of aggravated assault (with intent to rape).

We first consider the issue of whether the trial court was correct in its determination that, in the case sub judice, simple battery was a lesser included offense of aggravated assault (with intent to rape). Count 1 of the indictment charges that defendant did unlawfully "make an assault upon [the victim] with intent to rape said [victim] . . ." Pursuant to the analysis set forth in *Anderson v. State*, 170 Ga. App. 634 (317 SE2d 877), and predicated upon our decision in *Tuggle v. State*, 145 Ga. App. 603 (244 SE2d 131), we conclude that, in view of the wording of the indictment, simple battery is not a lesser included offense of aggravated assault (with intent to rape) in the case sub judice. Consequently, the trial court should not have charged the jury as to the offense of simple battery. In view of this gratuitous charge which the trial court was not required to give, even though requested, it follows that the trial court did not err in failing to include "guilty of simple battery" as an alternative verdict on the count charging defendant with the offense of aggravated assault (with intent to rape).

Also, we note that any error by the trial court in charging on simple battery, although not enumerated as error, would not require reversal as such was induced error. *Cook v. State*, 249 Ga. 709, 712 (5) (292 SE2d 844); *Vick v. State*, 166 Ga. App. 572, 573 (2) (305 SE2d 17).

3. Defendant contends that the trial court erred in allowing the victim, while testifying, to refresh her memory by use of her diary. See generally OCGA § 24-9-69. "A witness may testify from his memory refreshed by a writing that he made, though he has no independent memory of its contents. [Cits.]" *Kelley v. State*, 169 Ga. App. 917, 919 (7) (315 SE2d 916).

Defendant also argues that the district attorney was allowed to impeach this witness (the victim) without having made a showing that he had in any way been "entrapped by said witness." However, there is no longer any requirement of a showing of surprise before a party is allowed to impeach his own witness. *Davis v. State*, 249 Ga. 309, 313 (3), 314 (290 SE2d 273).

Finally, the defendant asserts that the State improperly introduced evidence in support of the victim's character for veracity prior to any attempt by defendant to impeach her. See in this regard *P. D. v. State of Ga.*, 151 Ga. App. 662, 665 (5) (261 SE2d 413), and *Rowell v. State*, 122 Ga. App. 568, 569 (2) (177 SE2d 812). However, defendant fails to provide a reference to any evidence of this nature in the transcript (see Rule 15 (c) (3) (ii) of the Rules of the Court of Appeals of the State of Georgia) and we find none. This enumeration of error is without merit.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JANUARY 31, 1986.

*Floyd H. Farless*, for appellant.
*Stephen F. Lanier, District Attorney, Deborah D. Haygood, Assistant District Attorney*, for appellee.