### 74285. McGINNIS v. THE STATE.
(358 SE2d 269)

BEASLEY, Judge.

Defendant appeals his convictions of criminal attempt to kidnap (count one), OCGA § 16-4-1 and 16-5-40, and criminal trespass (count two), OCGA § 16-7-21 (a).

The victim, after visiting her mother in the hospital and talking with her sister in the parking lot, proceeded to her parked automobile. When she attempted to drive off she discovered one of her tires was flat. Defendant appeared in his truck and offered to help but then claimed he was unable to loosen the lug nuts. He then offered to drive the victim to a service station, which she declined. In his own words, he then "asked her if she wanted to ride around" and the victim replied "no." According to the victim, as she began to walk past defendant's truck with the door open he grabbed her arm, turned her around, grabbed her by both breasts, held her and exclaimed: "Bitch, you're mine." After a struggle in which "he kind of was pulling backwards and I was pulling this way," she broke free and proceeded towards a pay phone at the hospital. On the way she met her brother who had seen that her automobile had a flat tire from the hospital room and went downstairs to her aid. Security was informed and the police were called. Meanwhile, defendant departed.

The victim's brother, though smaller than defendant, easily unscrewed the lug nuts and changed the tire. He and the investigating officer noticed a slash on the tire which was described by the brother and an officer as "cut." The victim, who had just purchased four new

"recap" tires and had them balanced the day before, gave no one permission to cut the tire. The brother noticed the defendant's truck driving around the parking lot during the day, and a security guard noticed the truck had been in the lot "a couple or three times" over the course of several days before the incident. Defendant testified he was only in town on that day looking for his uncle and had not previously been in the parking lot.

1. Defendant contends the evidence was insufficient to sustain his conviction for criminal attempt to kidnap.

Kidnapping occurs when one abducts or steals away any person without lawful authority and holds that person against his will. OCGA § 16-5-40 (1). " 'The distance the victim is carried is not material. Any carrying away is sufficient.' " *Brown v. State*, 132 Ga. App. 399, 402 (2) (208 SE2d 183) (1974). Accord *Haynes v. State*, 249 Ga. 119 (1) (288 SE2d 185) (1982). The other element consists of holding the victim against his will. *Helton v. State*, 166 Ga. App. 662, 663 (1) (305 SE2d 592) (1983); *Padgett v. State*, 170 Ga. App. 98, 99 (1) (316 SE2d 523) (1984).

A criminal attempt consists of three elements: 1) an intent to commit the specific crime; 2) performing an overt act towards the crime's commission; 3) a failure to consummate the crime. *Howell v. State*, 157 Ga. App. 451, 454 (4) (278 SE2d 43) (1981). The overt act (described as "a substantial step towards the commission of the crime" by OCGA § 16-4-1) "must be such as would be proximately connected with the completed crime." *Fears v. State*, 152 Ga. App. 817, 821 (2) (264 SE2d 284) (1979). It must be inexplicable as a lawful act and more than mere preparation. *Bell v. State*, 118 Ga. App. 291, 292 (163 SE2d 323) (1968).

The victim was grabbed and restrained against her will. This was one of the elements of kidnapping. If there had been asportation the offense would have been consummated. There was evidence from which a jury could find that defendant intended to take the victim away in his truck and was thwarted only by her resistance. *Arrington v. State*, 48 Ga. App. 64, 68 (171 SE 874) (1933), affirmed a conviction for attempting to kidnap where the perpetrator "made a grab for" the victim but the "grab failed."

"On appeals from findings of guilty, the presumption of innocence no longer prevails, the fact finders have determined the credibility of witnesses, [and] the fact finders have been convinced beyond reasonable doubt." *Baker v. State*, 151 Ga. App. 636 (260 SE2d 759) (1979). The jury is the final arbiter of evidence in conflict, so the verdict will be upheld where discrepancies appear. *Herrington v. State*, 177 Ga. App. 632 (1) (340 SE2d 637) (1986). In light of these principles, the evidence was sufficient to allow it, as a rational trier of fact, to find defendant guilty beyond a reasonable doubt. *Jackson v. Vir-*

*ginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant also challenges the sufficiency of evidence to support his conviction for criminal trespass. It was based on the jury's finding that he damaged property (the automobile tire) of another person (the victim) without her consent and the damage was $500 or less. OCGA § 16-7-21 (a).

The victim testified the tire was hers, and it was introduced into evidence. The facts involving property of another, lack of consent and the monetary amount of the damage were adequately established. See *Mallory v. State*, 164 Ga. App. 569, 570 (2) (298 SE2d 290) (1982), as to proving value and amount of damage.

Only circumstantial evidence, however, points to defendant as the perpetrator. The proven facts must be inconsistent with innocence to uphold a conviction on circumstantial evidence. *Riley v. State*, 1 Ga. App. 651 (57 SE 1031) (1907). It is only necessary to exclude reasonable inferences or hypotheses, not every inference, *Chambless v. State*, 165 Ga. App. 194 (300 SE2d 201) (1983), but a suspicion of guilt is not sufficient, *Hall v. State*, 155 Ga. App. 211, 212 (270 SE2d 377) (1980), nor is mere presence at the scene. *Wright v. State*, 147 Ga. App. 111, 112 (248 SE2d 183) (1978).

Here one could conclude that defendant had a motive to cut the tire, that is, to facilitate a scheme to abduct the victim, but it is also possible that he merely took opportunistic advantage of the woman in distress and used that happenstance to initiate his criminal enterprise. There was no evidence that he was around her car earlier so as to have the opportunity to disable the car by cutting the tire before she returned and found a problem necessitating help. There was no evidence that he knew, before her return, that a lone woman would be coming to the car shortly. There was no evidence that he knew her or knew she was there.

Generally questions of reasonableness are for the jury to decide under proper instructions by the court. *Smith v. State*, 154 Ga. App. 497, 500 (2) (268 SE2d 714) (1980). However, if the circumstances are such that given their strongest intendment a reasonable hypothesis of defendant's innocence is not excluded then a conviction may not be sustained. *Crane v. State*, 123 Ga. App. 226, 227 (3) (180 SE2d 289) (1971); *Barnett v. State*, 153 Ga. App. 430, 432 (4) (265 SE2d 348) (1980). The circumstances here raise a strong suspicion but fail to exclude a reasonable hypothesis consistent with innocence. The conviction for criminal trespass must be reversed.

3. Defendant complains of the admission of a "mug shot" which the victim picked out from over a thousand photographs. The defendant argues that, since in his testimony he admitted being at the scene, proof was not needed to establish his identity. This ground was not advanced at trial and will not be considered. *Clark v. State*, 180 Ga.

App. 280, 282 (2) (348 SE2d 916) (1986).

Objection was interposed at the close of the state's evidence, at which time the state had no idea whether defendant would testify or what he would admit. Identity was a crucial issue and it was evident that defendant's facial appearance had changed due to removal of his mustache and a different hair length. The state had to establish that defendant was indeed the perpetrator, and the photograph would tend to corroborate the victim's testimony and show her reliability and the accuracy of her identification. When so used, i.e., where relevant and material, a mug shot does not impermissibly place defendant's character in issue. *Ambros v. State*, 159 Ga. App. 492, 493 (3) (283 SE2d 706) (1981); *Williams v. State*, 178 Ga. App. 80, 82 (2) (342 SE2d 18) (1986).

4. Defendant contends that the charge on simple battery failed to explain it was a lesser included offense of criminal attempt to kidnap and this error was exacerbated by the verdict form which provided no space to insert a verdict of battery.

The trial judge instructed the jury on the elements of simple battery and explained a finding of guilt of that offense should be inserted in the form under count one if they believed defendant not guilty of criminal attempt to kidnap but guilty of simple battery. Defendant's contention lacks merit.

Defendant's conviction on count one is affirmed, but his conviction on count two, criminal trespass, is reversed.

*Judgment affirmed on Count One; judgment reversed on Count Two. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 21, 1987.

*Walter Van Heiningen*, for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.