## A96A1736. LUMSDEN v. THE STATE.
### (475 SE2d 681)

Judge Harold R. Banke.

Robert Wayne Lumsden was convicted of kidnapping with bodily injury, attempted rape, and sexual battery. He enumerates four errors, challenging the admission of certain evidence at trial and the sufficiency of the evidence.

The evidence, viewed in the light most favorable to the verdict, shows that at approximately 7:30 a.m. on the day the crimes occurred, the victim was running her usual course from her home to a fitness center and back, in training for the Savannah marathon. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). She noticed a man walking nearby. When she returned on the same route some 35 minutes later, she noticed walking toward her an identically dressed man, whom she subsequently identified as Lumsden. The man increased his speed to a run and tackled her, knocking her down. He reached up under her sports bra and placed a hand on her breast, and then grabbed her ankles and dragged her 20 to 30 feet down a hill at the road's edge. While the victim fiercely struggled, Lumsden flipped her onto her stomach and sat on the

small of her back. When she continued to scream, he told her to shut up, that he had a knife and was going to kill her. As her screaming proceeded, he covered her mouth and nose with his hand. When Lumsden tried to gag her with a bandanna, the victim flipped over on her side, struck him several times, freed herself, and ran. The attack left the victim with a dislocated rib, gashes on her knee and arm which required over 28 stitches, and many scrapes and bruises. Using the victim's description, police expeditiously apprehended Lumsden running on a nearby road. *Held*:

1. The trial court did not clearly err in finding that the State's proffered similar transaction evidence was sufficiently similar to allow its admission. *Kemp v. State*, 218 Ga. App. 842, 843 (3) (463 SE2d 385) (1995). The proffered evidence was that four years before while consuming alcohol Lumsden had raped or attempted to rape a former girl friend by suddenly grabbing her ankles, pulling her to the ground, striking her, and attempting to rape her from the rear. Notwithstanding Lumsden's argument to the contrary, this transaction was sufficiently similar to satisfy the requisites of *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). The facts common to both the offense at issue and the similar transaction, including the consumption of alcohol, the preference for an isolated location outdoors, the suddenness and violence of the attacks, the choice of unsuspecting females as victims, the technique of grabbing their feet or ankles and positioning them face down, and the verbal threats showed bent of mind and a common scheme or modus operandi. *Everhart v. State*, 209 Ga. App. 82 (1) (432 SE2d 670) (1993). The two transactions need not be identical in every respect. Id. Moreover, the rules regarding the use of similar transaction evidence are construed most liberally in cases involving sexual offenses. *Wells v. State*, 208 Ga. App. 298, 303 (2) (430 SE2d 611) (1993). Thus, we cannot say that the trial court committed reversible error in implicitly finding that these facts provided a logical connection between the crimes which tended to prove the offense charged rather than merely showing Lumsden's bad character. *Johnson v. State*, 242 Ga. 649, 652-653 (3) (250 SE2d 394) (1978).

2. Nor did the trial court err in denying Lumsden's motion for mistrial after the similar transaction witness' rambling and occasionally contradictory testimony was more equivocal than that proffered, which primarily reflected statements the witness made previously to police officers. At trial, Lumsden's former girl friend testified that after they had broken up, but were drinking together on the trunk of her car, Lumsden suddenly attacked her by grabbing her feet. She landed on the ground where he removed her jeans and slapped her. At some point, he positioned her face down on the car seat and stood behind her, a truck interrupted, and she escaped. Her testimony

about whether and where he penetrated her was inconsistent. We cannot say the trial court abused its discretion in determining that the divergence between this testimony and the proffered evidence did not warrant a mistrial. *Gearin v. State*, 208 Ga. App. 878, 881 (2) (432 SE2d 818) (1993). The witness's credibility was for the jury to determine. *Cole v. State*, 211 Ga. App. 236, 237 (438 SE2d 694) (1993).

3. The trial court did not commit reversible error by admitting hairs found on a stump the victim testified to grabbing. The officer who collected the hairs testified that he believed they were the victim's hairs. The State connected this evidence with the crime through testimony that the hair was found at the crime scene where the victim had grabbed the stump to stop Lumsden from dragging her further across the ground by her ankles. The existence of evidence connecting the hair and the crime scene distinguishes *Cunningham v. State*, 248 Ga. 835, 837 (4) (286 SE2d 427) (1982), on which Lumsden relies. The fact that the State did not perform laboratory tests to establish the donor's identity goes to the weight of the evidence, not its relevance. See *Moclaire v. State*, 215 Ga. App. 360, 365 (7) (451 SE2d 68) (1994); see, e.g., *Ingram v. State*, 204 Ga. 164, 170 (48 SE2d 891) (1948).

4. Viewed in the light most favorable to the verdict, a rational trier of fact could find all the essential elements of the crimes of kidnapping with bodily injury, attempted rape, and sexual battery. *Jackson v. Virginia*, 443 U. S. at 319-320. The State proved the kidnapping charge with evidence that Lumsden dragged the victim from the street against her will and pinned her on her stomach. OCGA § 16-5-40 (kidnapping requires proof of the unauthorized abduction and holding of another against his will). Evidence that Lumsden dragged the victim over 20 feet down the embankment satisfied the asportation requirement. *Lockett v. State*, 217 Ga. App. 328, 329 (457 SE2d 579) (1995) (the slightest movement of the victim establishes asportation).

The State also presented sufficient evidence of attempted rape with proof that Lumsden (1) intended to have forcible and non-consensual carnal knowledge of the victim; and (2) took a substantial step toward committing rape; but (3) failed to consummate the rape. OCGA §§ 16-4-1, 16-6-1; *McGinnis v. State*, 183 Ga. App. 17, 18 (358 SE2d 269) (1987). The evidence of intent to rape included Lumsden's unrelenting efforts to drag the victim to an isolated location and silence her so he could proceed, his threat to kill her, the facts that he touched her breast at the top of the embankment and straddled her at the bottom, and the similar transaction witness' testimony. The State satisfied the substantial step requirement with proof that Lumsden tackled the victim, dragged her off the road and out of sight, and attempted to overpower her and stifle her screams with

his hand and the bandanna. Only the victim's fierce resistance prevented the consummation of the crime. This evidence is legally sufficient to uphold the verdict of attempted rape. See *Helton v. State*, 166 Ga. App. 662, 663 (1) (305 SE2d 592) (1983) (evidence that defendant grabbed victim and informed her she could not leave until she kissed him and did "other stuff" sufficient). The State proved sexual battery with evidence that Lumsden placed his hands under the victim's sports bra and touched her breast without her consent. OCGA § 16-6-22.1.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED AUGUST 29, 1996.

*Edea M. Caldwell*, for appellant.
*Tommy K. Floyd, District Attorney, Kelley S. Powell, Assistant District Attorney*, for appellee.