## A97A0198. HOLLIS v. THE STATE.
(484 SE2d 54)

SMITH, Judge.

Paul James Hollis, Jr. was convicted on charges of attempted rape, OCGA §§ 16-6-1, 16-4-1; simple battery, OCGA § 16-5-23 (a) (2); and criminal trespass, OCGA § 16-7-21 (b) (3). His motion for new trial was denied, and he appeals.

1. Hollis asserts the general grounds with respect to his conviction for attempted rape. Construed to support the verdict, the evidence presented showed that Hollis approached the victim at her home while she was unloading laundry from her car, entered on the pretext of using the telephone, and ripped the telephone off the wall. He threw the victim to the floor, tore and attempted to rip off her clothes, bit her on the thigh, and kicked and beat her while repeatedly describing the explicit sexual acts, including rape, that he intended to perform on her. The victim struggled, inflicting scratch wounds on Hollis's face, arms, and neck; she eventually escaped to a nearby convenience store. The police escorted her back to her home, where Hollis was discovered hiding in the bushes. He fled but was apprehended a short distance away, and the victim positively identified him at the scene. His face and neck were extensively scratched.

The elements of the crime of attempted rape are that the accused "(1) intended to have forcible and non-consensual carnal knowledge of the victim; and (2) took a substantial step toward committing rape; but (3) failed to consummate the rape. OCGA §§ 16-4-1, 16-6-1; *McGinnis v. State*, 183 Ga. App. 17, 18 (358 SE2d 269) (1987)." *Lumsden v. State*, 222 Ga. App. 635, 637 (4) (475 SE2d 681) (1996). Hollis suggests that we should believe his version of the encounter in preference to that given by the victim, but this Court has no authority to do so. "On appeal of a criminal conviction, the appellant is no longer indulged with the presumption of innocence, for the jury has rendered its verdict; we do not weigh the evidence or determine the [witnesses'] credibility but construe the evidence to uphold the verdict. Thus, we only determine whether the evidence is such as to enable any rational trier of fact to find the defendant guilty of the crime charged beyond a reasonable doubt." (Citation omitted.) *Clark v. State*, 197 Ga. App. 318, 320 (1) (398 SE2d 377) (1990), aff'd, 261 Ga. 311 (404 SE2d 787) (1991). We find that a rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of attempted rape under the standard set forth in *Jackson v. Virginia,*

443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Lumsden,* supra; *Mathis v. State,* 184 Ga. App. 455, 456-457 (1) (361 SE2d 856) (1987); *Helton v. State,* 166 Ga. App. 662, 663 (1) (305 SE2d 592) (1983).

2. In his second enumeration, Hollis contends the trial court improperly excluded evidence of a charge of simple battery against the victim that was pending at the time of trial. We disagree. This evidence could not be used to impeach the victim with proof of her bad character because evidence of specific acts is not the proper method of doing so. *Kennard v. State,* 180 Ga. App. 522 (1) (349 SE2d 470) (1986). While a witness may be impeached by showing conviction of a crime involving moral turpitude, this evidence was improper for three reasons: Hollis failed to present record evidence rather than testimony, simple battery is not a crime involving moral turpitude, and the evidence here showed merely an arrest. "Even competent proof of an offense not involving moral turpitude, or incompetent proof of an offense involving moral turpitude, such as a mere indictment or a charge or an arrest or a trial and acquittal, are not legal methods of impeachment." (Citations and punctuation omitted.) *Syfrett v. State,* 210 Ga. App. 185, 187 (4) (435 SE2d 470) (1993).

*Chandler v. State,* 261 Ga. 402, 407 (3) (b) (405 SE2d 669) (1991), though not cited by Hollis, allows the admission of evidence of violent acts by the victim against third persons under certain limited circumstances. Such evidence, however, is admissible only if, among other requirements, the defendant claims justification as a defense. Id.; see OCGA § 16-3-20. Hollis testified at trial, but he never made any claim amounting to justification. He did not contend, for example, that the victim attacked him or that he struck and kicked her as the result of provocation. He claimed instead that they met at a gas station and drank beer together, she invited him in to her home to drink more beer, then "started screaming on [him]" and falsely accused him of trying to rape her. He denied having struck her, and he contended the scratches and marks on his body were from his work as a tree surgeon or from running into a barbed wire fence rather than injuries inflicted by the victim. Under these circumstances, Hollis cannot rely upon the rule established in *Chandler.*

3. Finally, Hollis alleges ineffective assistance of trial counsel in several respects. "In analyzing a claim of ineffective assistance of counsel, we note at the outset that a trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. [A defendant] must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. The test is whether there is a reason-

able probability the jury would have reached a different verdict, absent the error of counsel." (Citations and punctuation omitted.) *Williams v. State*, 218 Ga. App. 785, 788 (3) (463 SE2d 372) (1995).

Hollis first complains that his trial counsel failed to object to a witness's testimony regarding a statement made by Hollis. During his account of the arrest, the arresting officer volunteered that Hollis attributed the scratches on his body to a fight with another woman. This statement was not previously disclosed to Hollis's counsel under the reciprocal criminal discovery provisions of OCGA § 17-16-4 (a) (1). Assuming without deciding that this testimony violated the discovery statute, the trial court's decision that counsel's failure to object did not affect the jury's verdict is not clearly erroneous. As noted above, Hollis attributed scratches at one point to his work as a tree surgeon and at another point to a barbed wire fence. Hollis's brother, however, while testifying on Hollis's behalf, stated that he had no marks on his face or neck before the incident. The unrevealed statement was therefore merely cumulative of already conflicting testimony, and we cannot conclude as a matter of law that a reasonable probability exists that the jury would have reached a different verdict had counsel objected. See *Strong v. State*, 264 Ga. 837, 838-839 (3) (452 SE2d 97) (1995). Moreover, trial counsel testified that his failure to object or move for a mistrial was a strategic decision calculated to minimize the negative effect of the officer's testimony. While Hollis "may now disagree with some of the tactical or strategic choices made by counsel during trial, such disagreements do not equate with inadequacy. [Cit.]" *Cofield v. State*, 216 Ga. App. 623, 627 (5) (455 SE2d 342) (1995).

Hollis also asserts that trial counsel was ineffective in failing to conduct a "thorough cross examination of the victim and police." Trial counsel testified, however, that he conducted cross-examination of the State's witnesses in accordance with his theory of the case, seeking to establish those facts which he thought most beneficial to Hollis. Counsel also testified that he was particularly cautious in cross-examining the victim because of the risk of appearing to berate or abuse her. Such decisions regarding the scope and focus of cross-examination provide perhaps the clearest example of tactical and strategic decisions on the part of trial counsel.

Finally, Hollis contends that trial counsel was ineffective in failing to call witnesses who might have bolstered his account of the incident. But on his motion for new trial, Hollis failed to support his claims with any testimony, affidavits, or proffer of the testimony of the witnesses. When a defendant fails to show what prospective witnesses' testimony would be or that they would have agreed to testify if subpoenaed, it is impossible "to determine whether failure to call these witnesses would have indeed affected the outcome of [Hollis's]

trial." *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 616 (458 SE2d 623) (1995). Hollis must offer more than mere speculation that "other witnesses . . . may have had evidence which would have assisted Mr. Hollis' case at trial."

In denying Hollis's motion for new trial, the trial court concluded that trial counsel was not ineffective and that there was no reasonable probability the jury would have reached a different verdict. We do not find this conclusion to be clearly erroneous.

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 11, 1997.

*Clarke & Pelletier, Alan S. Clarke,* for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Thomas A. Cole, Nancy I. Jordan, Assistant District Attorneys,* for appellee.