### A02A0618. FEAGIN v. THE STATE.
(559 SE2d 486)

PHIPPS, Judge.

Willie Joe Feagin appeals his convictions of burglary and kidnapping with bodily injury. He enumerates as error the trial court's jury instruction on the elements of kidnapping and the court's admission of similar transaction evidence. We find no error and affirm.

The evidence showed that while on the premises of a retail tire store, Feagin entered an office area not open to the general public. When confronted by a female employee who asked what he was doing, Feagin told her to "shut up, don't worry about it" and forced her from one office into another. A struggle ensued, and the employee was injured.

The court admitted evidence of two similar transactions. In one, Feagin was charged with burglary and pled guilty to criminal trespass based on evidence showing that, with the aid of a female accomplice acting as a decoy, he entered a private office in a bookstore where he was found rummaging through desks. In the other, Feagin stole money from a private office in an automobile repair shop. In both independent transactions and in the crime charged, Feagin was identified as a result of eyewitnesses obtaining his car's tag number as he was fleeing the scene.

---

[8] *Mitchell v. Lowe's Home Centers*, 234 Ga. App. 339, 343 (3) (506 SE2d 381) (1998).
[9] *Fly v. Kroger Co.*, 209 Ga. App. 75, 78 (3) (432 SE2d 664) (1993).

1. Feagin complains that the trial court improperly commented on the evidence by stating, during the course of jury instructions on the abduction element of kidnapping, that there was no evidence of the defendant having had any legal authority to control the body and person of the tire store employee.

Although the court did improperly comment on the evidence, we find no harm as the court correctly charged the jurors that whether an abduction in fact occurred was for them to decide, and indisputably there was no evidence that Feagin was legally authorized to restrain the employee's movements. "[A]n expression of opinion as to an uncontested and undisputed fact is not cause for reversal. [Cit.]"[1]

2. Feagin contends that the independent crimes did not bear sufficient similarity to the crime charged to warrant their admission in evidence.

We disagree. The independent crimes evidence showed that on two prior occasions, Feagin entered private office areas in businesses selling goods or services to the public with the intent of engaging in unlawful conduct. Because the State charged Feagin with having done the same thing here, the trial court did not abuse its discretion in admitting evidence of the other crimes.[2] The transactions "need not be identical in every respect. [Cit.]"[3]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JANUARY 14, 2002 —
RECONSIDERATION DENIED JANUARY 30, 2002 — 

*Monica T. Myles, Mary Erickson*, for appellant.
Willie J. Feagin, *pro se.*
*David McDade, District Attorney*, for appellee.

---

[1] *Dixon v. State*, 196 Ga. App. 15, 18 (7) (395 SE2d 577) (1990).
[2] See *Lumsden v. State*, 222 Ga. App. 635, 636 (1) (475 SE2d 681) (1996).
[3] Id.